In re Allan Ray JOHNSON aka Allan R. Johnson, Al Johnson, and Teresa Darleen Johnson aka Teresa D. Johnson fka Teresa D Lamb fka Teresa D. Beauchamp, Debtors.

Bankruptcy No. 87–B–05687–M.

United States Bankruptcy Court, D. Colorado.

Jan. 6, 1989.

James R. Waltz, Denver, Colo., for debtors.

Sally J. Zeman, Denver, Colo., for Chapter 13 trustee.

William M. Trencher, Tax Div., U.S. Dept. of Justice, Washington, D.C., for the U.S.

MEMORANDUM OPINION
AND ORDER

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER comes before the Court on a series of motions and objections regarding various filed proofs of claim. They include: (1) Internal Revenue Service's Motion in Opposition to Debtors' Proof of Claim filed for the IRS, (2) Debtors' Objection to proofs of claim filed by the IRS and Colorado Department of Revenue, and (3) Chapter 13 Trustee's Motion (a) to reject late filed proofs of claim and (b) to reject Chapter 13 plan provisions requiring distribution to secured creditors that do not file a proof of claim. Additionally, the IRS and Chapter 13 Trustee seek a determination that notice to certain creditors of the case, by the Debtors, was inadequate and defective. Certain of the issues presented are of first impression in this District. A hearing on the motions was held and, by agreement of the parties, briefs and affidavits on the issues were submitted to and considered by the Court.

*Background and Findings of Fact*

The events, communications, and acts of the parties are in dispute as reflected by the various statements of fact and affidavits submitted to the Court. The facts most pertinent to the issues before the Court, particularly with respect to the adequacy of notice to creditors, are found by

the Court to be as follows:[1]

1. On May 18, 1987, the Debtors filed their Chapter 13 bankruptcy Petition, Chapter 13 Plan, and Chapter 13 Statement with this Court.

2. As evidenced by a May 18, 1987 certificate of mailing, the Debtors served a copy of a Notice of Automatic Stay on five of their fourteen listed creditors, including the IRS through its local revenue officer responsible for the Debtors' tax problems, Victor Gabriella,[2] and the Colorado Department of Revenue.

3. A Section 341 meeting of creditors was held on June 16, 1987. Pursuant to Bankruptcy Rule 3002(c), the time for filing proofs of claim expired on September 14, 1987.

4. The practice and policy of the Office of the Clerk of the United States Bankruptcy Court for the District of Colorado in May of 1987 required debtors or debtors' counsel to provide the Clerk with a typed card for each scheduled creditor ("Cheshire Cards"). *See,* Local Rule 3(d). From these cards, the Clerk prepares a mailing label matrix used to send out notices in each bankruptcy case.

5. The Chapter 13 Trustee, as a matter of routine procedure, had its standard omnibus notice of bankruptcy filing mailed on May 20, 1987 to Debtors' creditors, including the Colorado Department of Revenue but, evidently, not the IRS. The standard notice discloses to creditors the date set for the Section 341(a) meeting, the automatic stay, and other important items, which provides, in pertinent part, that:

> In order to have his claim allowed so that he may share in any distribution from the estate, a creditor must file a claim, whether or not he is included in the list of creditors filed by the debtor. Claim [sic] which are not filed within 90 days after the above date set for the meeting

of creditors will not be allowed, except as otherwise provided by law.

6. On June 26, 1987, the Debtors filed an Amended Chapter 13 Plan, a Motion to Confirm, and a Notice of Hearing on the Motion to Confirm. As evidenced by a June 26, 1987 certificate of mailing, Debtors sent copies of those documents to the "Internal Revenue Service, Odgen, Utah 84201," but not to the IRS' local agent and not to the Colorado Department of Revenue.

7. On July 20, 1987, Judge Roland J. Brumbaugh confirmed the Amended Plan. In addition to attorney's fees and trustee's fees, the confirmed Plan provides for payment of priority claims (federal and state tax liability), a secured claim of the IRS, and $700.00 pro rata to general unsecured creditors.

8. Six proofs of claim were filed in this case. General unsecured creditors timely filed claims numbered one and two which are not disputed or at issue here. On October 16, 1987, the Debtors' attorney filed claims numbered three, four, and five on behalf of the: (a) IRS (secured—$1,300.00; unsecured—$564.26), (b) IRS (priority—$5,426.00), and (c) Colorado Department of Revenue (priority—$264.00), respectively. The IRS filed claim number six on December 7, 1987, which amends and consolidates claims numbered three and four, in the sum of $11,596.54, or $4,306.28 more than the IRS claim filed by the Debtors.

9. On or about May 31, 1988, the Trustee provided a summary of claims to the Debtors' attorney. The summary indicates that proofs of claim numbered three through six were not timely filed and that the Trustee would *not* distribute on these claims.

10. On June 9, 1988, the Debtors filed Objections to Proofs of Claims. Debtors proposed to disallow the late filed priority

---

1. The recitations of facts submitted by the parties are long, convoluted and disputed. The parties even disagree, for example, as to the date on which the Debtors filed their Petition in bankruptcy. The Court has culled out those facts which are clearly reflected in the Court's file, those supported by sworn affidavit, and those which are not otherwise disputed.

2. The notice was addressed to: "Federal Income Tax," not to the Internal Revenue Service or other agency.

tax claims but to allow payment of the secured IRS tax claim.

11. Special instructions for proper mailing to the IRS and Colorado Department of Revenue, among others, were issued by the Clerk of the Bankruptcy Court. The notice provided precise mailing addresses for the IRS and Colorado Department of Revenue. The special mailing addresses were implemented during 1987, but notification of the addresses for practitioners was not sent out until about December 1987. Debtors' mailings were to addresses different than those provided by the Clerk of the Court.

12. The responsible Revenue Officer at the IRS, Gabriella, maintains by sworn declaration that he had no contact and no communications whatsoever with, or from, the Debtors, their attorney or the Bankruptcy Court, at any time after May 1, 1987, until contacted by Justice Department attorneys in September 1988. The IRS officer specifically denies receiving any notices or mailings relative to the bankruptcy.

13. The Deputy Clerk and Supervisor of Claims in the Office of the Bankruptcy Court stated, by sworn declaration, that the Court file does not contain the necessary Cheshire Cards for correct mailing to the IRS. It is further stated that the "first meeting notice" would have been mailed to creditors, but only to those creditors listed and "included in the cards, as required by the local procedures at that time." [3]

### Opinion and Order

The motions and requests for relief can, under the circumstances, be reduced to three issues, appropriately framed by questions.

I. *Is a proof of claim required to be filed by, or on behalf of, a secured creditor in order for that creditor to receive distributions under a Chapter 13 plan?*

█ This Court concludes that, yes, a proof of claim must be timely filed by, or for and on behalf of, a creditor with a secured claim, in order for that creditor to receive distributions through the Chapter 13 Trustee in a Chapter 13 plan. This conclusion is supported by the design and specific language of the Bankruptcy Code and Rules, the case law, and the need for efficient, responsible management of Chapter 13 cases, as well.

Specific Code provisions concerning recognition and treatment of Chapter 13 creditor claims, namely Sections 501, 502 and 1325, and Bankruptcy Rules implementing the Code, Rules 3002, 3004 and 3021 make the conclusion almost inescapable that creditors with secured claims must timely file proofs of claim in Chapter 13.

This conclusion starts with a recognition that no specific Code provision *requires* any creditor to file a proof of claim, ever. It is strictly permissive. Section § 501. However, any creditor *may* file a proof of claim, and failing that, a co-obligor, guarantor, trustee or the debtor may then file a proof of claim for, or on behalf of, a creditor. 11 U.S.C. § 501(b), (c); B.R. 3004, 3005.[4] A filed claim is, generally, the in-

---

**3.** There is a good deal of disparate testimony by affidavit, argument, and proposed findings of fact between the parties on the issue of Cheshire Cards filed, status of files, what was or should have been received in the mail, "missing" or inconsistent documents, or other curious or inexplicable circumstances. The Court has carefully compared this information. It concludes that, under the circumstances, notice simply does not appear to have been effected timely or reliably. There is too little evidence which is clear and not equivocal that supports the Debtors' position that all Cheshire Cards and notices were supplied in correct form and properly addressed for mailing in a correct and timely manner. Indeed, most evidence reveals some inconsistency in communications, and inadequate and unreliable notice and mailing procedures in the case, specifically including those undertaken by the Debtors.

**4.** It is noteworthy that the principal reason other parties, particularly debtors, were expressly given the right to file claims for and on behalf of their creditors who failed to timely file their own claims, was to protect debtors, not necessarily the creditors, and to assure treatment of non-dischargeable tax debts under Sections 507(a) and 523(a)(1) of the Code. *See,* (H.R. Rep. No. 95–595, 95th Cong. 1st Sess. 352 (1977); S.Rep. No. 95–989, 95th Cong.2d Sess. 61 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787; Norton Bankr. L. & Prac., Rules, Editors' Comment (1987) at p. 186.

"In liquidation and individual repayment plan cases, the trustee or the debtor may file a proof

strument to establish recognition and treatment of a creditor's claim in a bankruptcy case.

If a creditor wants its *unsecured* claim, or undersecured portion of a secured claim pursuant to 11 U.S.C. § 506(a), to be *allowed* and paid, in whole, or in part, "then it *must* file a proof of claim in accordance with" B.R. 3002.[5] (Emphasis added.) The creditor must file a proof of claim within 90 days after the first date set for the Section 341 meeting, or if filed by a debtor, as here, then it must be filed within 30 days after that initial 90 day period of time. B.R. 3004.[6] Thus, while the Rules are clear that unsecured creditors *must* file a proof of claim, there is no comparable, express mandate for secured creditors.[7]

In a Chapter 13, the Court is to confirm a plan which provides for distributions on "each *allowed* unsecured claim ..." and "... each *allowed* secured claim ..." (emphasis added). 11 U.S.C. § 1325(a)(4) and (5). Distribution under a confirmed plan is then to be made by the Trustee "in accordance with the plan." 11 U.S.C. § 1326(a)(2). This distribution scheme is reinforced and implemented at B.R. 3021 where it provides that "[a]fter confirmation of a plan, distribution shall be made to creditors whose *claims have been allowed....*"

The operative term here is "allowed" claim. Allowance of a claim is governed by 11 U.S.C. § 502(a) which provides in pertinent part:

A claim ... proof of which is filed under section 501 of this title, is deemed allowed, unless a party ... objects.

The language is clear and unqualified, to wit: Claims, proof of which has been filed under Section 501, are "deemed allowed." The "allowance" of claims are then subject only to specified exceptions or limitations, or to reconsideration by the Court and possible disallowance. 11 U.S.C. § 502(b), (d), (e), (j).[8] The meaning of Section 502 is not ambiguous:

Section 502(a) means nothing if its essential significance is not that the *condition precedent to a claim or interest being deemed allowed is that proof of such claim or interest shall have been filed pursuant to Section 501* and, in accordance with the procedural implementation of that section, within the fixed time within which appropriate proof of claim or interest must be filed. (Emphasis added.)

3 Collier on Bankruptcy, para. 502.01 at 502.09.

---

of claim under [subsection (c) ] if the creditor does not timely file. The purpose of this subsection is mainly to protect the debtor if the creditor's claim is nondischargeable. If the creditor does not file, there would be no distribution on the claim, and the debtor would have a greater debt to repay after the case is closed than if the claim were paid in part or in full in the case or under the plan. (HR Rep No. 95–595, 95th Cong, 1st Sess 352 (1988); S Rep No. 95–989, 95th Cong, 2d Sess 61 (1978)." Norton Bankr. L. & Prac., Code at p. 270.

**5.** "An unsecured creditor or an equity security holder must file a proof of claim or interest in accordance with this rule for the claim or interest to be allowed, except...." B.R. 3002(a).

**6.** The additional 30 days for a debtor to file a proof of claim, if one was not filed by the creditor, became effective for cases filed after August 1, 1987. This case was filed before August 1, 1987, thus the Debtors would have had to file their creditor's claim, also, within the initial 90 day period. The distinction is not significant in this case, however, because the Debtors failed

to file the creditor's claim timely under either provision. *See, In re Starkey,* 49 B.R. 984 (Bankr.D.Colo.1984), a pre–1987 case.

**7.** A detailed and extended discussion of the inconsistencies in filing requirements found in the rules, particularly B.R. 3002, is found at *In re Thomas,* 85 B.R. 608, 613 (Bankr.N.D.Ala.1988). That recital of history and reasoning, coupled with the history and reasoning at pages 613–615 relating to the inclusion of the term "allowed claims" in Section 1325(a) is, in this Court's opinion, thoughtful and useful, and is adopted as support for the within opinion by the Court.

**8.** Debtors quoted this Court in a prior decision, *In re Hermansen,* 84 B.R. 729, 734 (Bankr.D. Colo.1988) that: "A claim is deemed allowed unless ..." and "the Judge did not distinguish between 'claim and proof of claim' [thus] leaving open the interpretation that a claim ... properly scheduled ... may be allowed." The Debtors' conclusion that the Court was "leaving open the door" is hardly a conclusive or precedential application of the law binding in all subsequent similar circumstances.

Other bankruptcy courts have used the same analysis and reasoning to also conclude that creditors must file proofs of claim to have a secured claim, as well as an unsecured claim, allowed and paid in a Chapter 13 case. *In re Gleason*, 89 B.R. 177 (Bankr.N.D.Ala.1988); *In re Thomas, supra*, footnote 7. *In re Rogers*, 57 B.R. 170 (Bankr.E.D.Tenn.1986).[9] *But see, In re Simmons*, 765 F.2d 547 (5th Cir.1985).[10] The conclusion of this Court and other like-minded Bankruptcy Courts is, perhaps, best stated in Collier on Bankruptcy, 15th Ed., para. 1327.01 at p. 1327-2:

> The determination of whether a claim is allowed or disallowed is essential since only an allowed claim is to receive a distribution under a Chapter 13 Plan; ... distributions under a Chapter 13 plan are made only to creditors with allowed claims.
>
> Collier on Bankruptcy, 15th Ed., para. 1327.01 at p. 1327-2.

This Court is also persuaded that the practical administrative aspects of Chapter 13 impel a ruling that proof of a secured claim should be filed by creditors. Confirmation of a creditor's respective status and claim amount, the orderly and correct distribution of funds, bonding requirements,

and protection for the debtor all bode for the filing requirement.[11]

Finally, this Court finds it significant, if by implication only, that *only* in Chapter 11's, at Section 1111(a) of the Code, is there an express, explicit provision for a creditor to *not* file a proof of claim yet still have an allowed claim and qualify for distribution in a bankruptcy case. Only where a creditor is correctly identified, is not listed by the debtor as holding a disputed, contingent or unliquidated claim, and is a creditor in a Chapter 11 case, is it deemed "not necessary ... to file a proof of claim ..." yet still have a valid claim.[12] No similar treatment is accorded to Chapter 13 creditors, secured or unsecured.

II. *When must a proof of claim be filed in Chapter 13 by a secured creditor?*

■ This Court concludes that a creditor with a secured claim, as well as one with an unsecured claim, must file its proof of claim within 90 days after the first date set for the meeting of creditors called pursuant to Section 341(a), if it desires to receive distribution through the Chapter 13 Trustee, under a confirmed plan. Although there is no explicit Code or Rule provision requiring filing a *secured* claim within 90

---

**9.** "To the extent Rule 3002(a) appears to say that allowance of a secured claim in a chapter 13 case does not require the filing of a proof of claim, it is inconsistent with the statutes and ineffective. 11 U.S.C. §§ 501 & 502; 28 U.S.C. § 2075. The Advisory Committee Note to Rule 3002(a) suggests that it was not intended to make secured claims allowable in chapter 13 cases without the filing of a proof of claim. The drafters apparently were concerned with the effect of a chapter 7 discharge on the lien when the secured claim was not allowed only because of failure to file a proof of claim." *In re Rogers, supra* at 172, footnote 1.

**10.** The repeated directives in the Code and Rules that only "allowed" claims, as specified in Section 502, are to be paid under a Chapter 13 plan and by the Trustee, coupled with the practical needs for filing a proof of claim in chapter 13, are the two compelling reasons for this Court to not follow *In re Simmons, supra* as requested by the Debtors.

**11.** The Chapter 13 Trustee argued: "From a practical point of view, timely filed proofs of claim are of tremendous assistance to the trustee. A proof of claim provides the proper mail-

ing address for distribution. (A creditor's address provided in the schedules is often the address for regular account payments ... and is different from the address when assigned for recovery or to legal counsel upon filing of the bankruptcy.) A proof of claim often provides the trustee with an account number to reference when making distribution. A proof of claim reduces the probability of fraud. The trustee could not operate efficiently and safely under a bond if he/she were required to make payments on claims for which no proof of claim had been filed. *In re Rogers*, 57 B.R. 170, 172 (Tenn. 1986). A proof of claim with attached description of security helps identity [sic] assignors/assignees." Chapter 13 Trustee's Brief Regarding Notice to Certain Creditors and the Necessity and Timing for Proof of Claim, at p. 7.

**12.** *See*, B.R. 3003(c)(2) which mandates filing of a proof of claim *only* for those creditors in Chapter 11 (and 9), not scheduled or identified as disputed, contingent or unliquidated. Others are "deemed filed under Section 501," and thus allowed.

days, B.R. 3002(c) provides that in Chapter 7 and 13 cases:

> [A] proof of claim *shall* be filed within 90 days after the first date set for the meeting ... "subject only to select, narrow exceptions." [13]

By inference from the Code, coupled with a need for expeditious management of and certainty in Chapter 13 cases, the 90 day period is appropriate—and necessary. *See, In re Thomas, supra* at 616.

In this case the only recognized exception to the 90 day rule which *might* have accorded to the creditors an extension of time to file a late proof of claim is B.R. 3002(c)(1):

> On motion of the United States, a state, or subdivision thereof before the expiration of such period and for cause shown, the court may extend the time for filing of a claim by the United States, a state, or subdivision thereof. B.R. 3002(c)(1).

Here, the creditors, the IRS and the State of Colorado, filed proofs of claim after expiration of the 90 day limit but did not file any motions to extend the time. In view of the strict Code and Rule limitations, and case law, on extending the period of time to file proofs of claim, the Court is convinced that only under truly extraordinary, compelling circumstances can late filed claims be allowed and paid in a Chapter 13 case. *In re Bruce and Angela Walkington,* Bankruptcy Case No. 87–B–12009–E, Judge Matheson, September 19, 1988 [1988 WL 147150]; *In re Eddy L. and Susan K. Ritchie,* Bankruptcy Case No. 87–B–05173–E; June 22, 1988 [1988 WL 147149]. (Both unpublished opinions.)

The Debtors had the opportunity to, and did in fact, file a proof of claim for each of these creditors, but did so in an even more tardy manner. Since the Debtors were required to file those creditors' claims within the same 90 day period, they too will not, absent truly extraordinary, compelling circumstances, be accepted, or deemed, as having been filed timely.[14]

**III.** *Did the IRS and Colorado Department of Revenue receive adequate notice of Debtors' Chapter 13 Case?*

Timely and meaningful notice to interested parties is to legal proceedings—here bankruptcy—what a free press is to democracy. It is the instrument that makes the system work. Without adequate notice to parties in legal proceedings, their rights and opportunities mean nothing.

This Court has previously stated its view on the importance of timely and meaningful notice:

> Procedural due process and adequate notice to the [creditors] are not mere courtesies to be dispensed with for the sake of convenience or simplicity. The United States Supreme Court has firmly implanted due process for litigants or adversaries as a right, not an option:
>
> > [A]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). *Reliable Elec. Co., Inc. v. Olson Const. Co.,* 726 F.2d 620, 622 (10th Cir.1984).

*In re Bankwest Boulder Indus. Bank,* 82 B.R. 559, 561 (Bankr.D.Colo.1988).

With specific regard to notice and due process for creditors filing claims, the Tenth Circuit has spoken without equivocation:

> In *Reliable Elec. Co., Inc. v. Olson Constr. Co.,* 726 F.2d 620, 623 (10th Cir. 1984), we discussed the requirement that adequate formal notice must be given to known creditors to be constitutionally adequate. Even if a creditor is aware of bankruptcy proceedings, there must be reasonable notice before a claim will be barred for untimeliness. [Citations omit-

---

**13.** Extension of the 90 day period is strictly limited by B.R. 9006(b)(3) and B.R. 3002(c)(1)–(6) exceptions.

**14.** *See,* footnote 6.

ted.] Inquiry notice of the bar date, in this situation, is not enough.... The responsibility does not lie with the creditors or claimants to search out what is required procedurally of them in this situation. The law provides them with a right to appropriate, effective notice. [Citations omitted.] Actual knowledge of the filing of a bankruptcy does not negate the statutory notice requirements nor does it place a duty on creditors to inquire regarding the time limitations for filing claims. [Citations omitted.]

*In re Herd,* 840 F.2d 757, 759 (10th Cir. 1988).

The record in this case reflects inadequate notice to the IRS and Colorado Department of Revenue to allow them to both timely file their respective claims and to object to, or otherwise participate in, the bankruptcy proceedings and confirmation of the plan. This conclusion is derived from rather obvious deficiencies such as Debtors failure to mail their Amended Plan, Motion to Confirm (Amended) Plan, and Notice of Hearing (1) to the Colorado Department of Revenue, or (2) to the IRS at (a) a specific, appropriate IRS office address, preferably to the attention of (i) a designated department, or (ii) an authorized Revenue Officer's attention, or (b) in accordance with local Court requirements.[15] This conclusion is reinforced by the hopelessly confusing, inconsistent and, at times, contradictory recitations of factual events and communications between the parties and, significantly, the Debtors own documents and mailing practices.

Notices to and treatment generally of government agencies, are often subject to special provisions and procedures.[16] It creates difficulties for debtors and their lawyers, but they are mandated nonetheless. Recognizing this, some special attention ought to be given to insure timely and meaningful notice to government agencies, as well as other creditors.

*Conclusion*

Notice to the IRS and Colorado Department of Revenue was deficient and defective. Those creditors are, under these specific facts, entitled to consideration of their respective late filed claims pursuant to 11 U.S.C. § 502(j) and those claims will be allowed by the Court. Lack of timely and meaningful notice, i.e., due process, fulfills the requisite stated above that upon a showing of extraordinary and compelling reasons, the period of time might be extended within which a creditor may file a proof of claim.

IT IS THEREFORE ORDERED AND ADJUDGED that the proofs of claim numbered five and six, filed for the Colorado Department of Revenue and the IRS, respectively, are allowed. The Chapter 13 Trustee's Motion to Reject Late Filed Claims, those claims of the IRS and Department of Revenue, is denied. Debtors' objections to timeliness of the IRS claim filed by the IRS and the Colorado Department of Revenue claim filed by the Debtors are denied. Trustee's Motion to Reject Chapter 13 Plan Provisions requiring distribution to secured creditors that do not file a proof of claim is denied, inasmuch as the IRS *did* file its proof of secured claim herein. Debtors are granted ten (10) days after this Order becomes final and non-appealable to apply to modify their Chapter 13 Plan, if they so desire.

---

**15.** Debtors documents were addressed to: "Internal Revenue Service—Ogden, Utah 84201." While this address might well be satisfactory for routine matters such as filing a tax return or payment, conducting business in the ordinary course, or corresponding under *normal* circum-

stances, it is simply not sufficient in a pending bankruptcy case, particularly where taxes are at issue and in dispute.

**16.** *See,* B.R. 2002(j), 7004(b), 7012(a), and Rule 4(d), F.R.Civ.P.