**In re SMARTT CONSTRUCTION CO., Debtor.**

**NATIONAL BANK OF CANADA, Appellant,**

v.

**James R. CHADDERDON, Chapter 7 Trustee, and the Resolution Trust Corporation, Appellees.**

Civ. A. No. 91-K-477.

Bankruptcy No. 88 B 17916 E.

United States District Court, D. Colorado.

March 11, 1992.

L. Louise Romero–Atwood, Bryan R. Clark, Brownstein Hyatt Farber & Strickland, Denver, Colo., for Nat'l. Canada Corp.

Douglas M. Stimple, Braden, Frindt Steinar & Stimple, P.C., Colorado Springs, Colo., for Resolution Trust Corp.

Paul T. Gefreh, Paul T. Gefreh, P.C., Colorado Springs, Colo., James R. Chadderdon, Chapter 7 Trustee.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

The National Canada Corporation (NCC) appeals from the bankruptcy court's judgment of March 12, 1991, entered on March 25, 1991. In that judgment, the bankruptcy court permitted the Resolution Trust Corporation (RTC) to file a proof of claim after the bar date, deeming it timely, because the RTC's predecessor-in-interest, Otero Savings, failed to receive notice of the bar date despite adequate mail processing procedures. NCC argues on appeal that the bankruptcy court's ruling was in error. It contends that the Bankruptcy Rules do not permit an extension of time to file a late proof of claim in a Chapter 7 case for excusable neglect. I agree and reverse the bankruptcy court's judgment.

### I. *Facts.*

On December 30, 1988, the Smartt Construction Company (SCC) filed for Chapter 7 bankruptcy protection. On that date, SCC's president, B.H. Smartt, also filed for Chapter 7 protection individually. Otero, a federal savings and loan association, was a creditor of both SCC and B.H. Smartt.

On January 6, 1989, Otero received a notice of the § 341 meeting of creditors for each of two bankruptcy cases. The notices stated that there appeared to be no assets from which dividends could be paid to creditors and that if assets later became available, creditors would be given an opportunity to file claims. On June 19, 1989, the bankruptcy court sent to all creditors of SCC and B.H. Smartt notices of possible dividend (NOPD), advising them to file proofs of claim in the bankruptcy cases on or before September 19, 1989. Otero received the NOPD for the B.H. Smartt case on June 28, 1989 but did not receive the NOPD for the SCC case. On September 15, 1989, it timely filed a proof of claim in the B.H. Smartt case.

The Federal Savings .nd Loan Insurance Corporation (FSLIC) became conservator for Otero in March of 1989. The RTC later replaced FSLIC as conservator and, subsequently, receiver of Otero. In May 1990, Otero attorneys determined that Otero had never filed a proof of claim against SCC. On November 27, 1990, the RTC, as successor in interest to Otero, filed a Rule 23 Notice and Motion for Leave to File a Proof of Claim and for Approval of Proof of Claim. In this motion, the RTC requested permission to file a late proof of claim in the SCC bankruptcy, arguing that its failure to timely file was excusable neglect. James R. Chadderdon, the Chapter 7 trustee, and NCC objected.

After notice and a hearing, the bankruptcy court granted the RTC's motion. The court found that Otero had instituted a system for the receipt and routing of mail to ensure that it handled properly all notices filed in bankruptcy cases. It further found it unlikely that Otero would have received the notice in the SCC case but not properly prosecuted it, when it had acted appropriately in filing a proof of claim in the B.H. Smartt case. Thus, it concluded that the RTC's failure to file the proof of claim on behalf of Otero was excusable

neglect, and it permitted the RTC to file a claim in the SCC bankruptcy after the bar date, deeming it timely. NCC appeals from this decision.

## II. *Merits.*

NCC's primary assertion on appeal is that the bankruptcy court erred in considering whether excusable neglect could justify the RTC's untimely filing of its proof of claim in the SCC bankruptcy. I review the bankruptcy court's conclusions on this legal issue *de novo*. Its findings of fact must be upheld unless clearly erroneous. Bankr.R. 8013.

The filing of a proof of claim in Chapter 7 and Chapter 13 bankruptcy cases is governed by Bankruptcy Rule 3002. This rule provides that proofs of claim must be filed within 90 days after the first date set for the § 341 creditors' meeting, unless one of six exceptions applies. Bankr.R. 3002(c). Under the fifth exception, if it appears possible that a dividend will be paid to creditors in what was first thought to be a no asset case, and creditors are notified of this fact, proofs of claim may be filed within 90 days of that notice. *See* Bankr.R. 3002(c)(5). It is undisputed that this situation occurred here and that the RTC did not file a proof of claim in the SCC case before the bar date.

The parties disagree, however, on whether excusable neglect can justify the untimely filing of a proof of claim under Rule 3002. The Bankruptcy Rules also address this issue. Bankruptcy Rule 9006 governs the computation and enlargement of time under the Rules. In general, Rule 9006 allows an extension of time "on motion made after the expiration of the specified period ... [when] the act to be done or where the failure to act was the result of excusable neglect." Bankr.R. 9006(b)(1). There are two exceptions to this rule, the first of which is inapplicable. Under the second exception, "[t]he court may enlarge the time for taking action under Rules 1006(b)(2), *3002(c)*, 4003(b), 4004(a), 4007(c), 8002, and 9033, *only to the extent and under the conditions stated in those rules.*" Bankr.R. 9006(b)(3) (emphasis add-

ed). Thus, the plain language of Rule 9006 does not permit an extension of time to file a proof of claim in a Chapter 7 case for excusable neglect. Extensions are limited to the conditions stated in Rule 3002(c). *See* 8 *Collier on Bankruptcy* ¶ 3002.05 at 3002–17 (L. King 15th ed. 1990) ("The court has no equitable power to extend the time fixed by Rule 3002(c). The excusable neglect standard provided by Rule 9006(b) does not permit the court to extend the time for filing proofs of claim under Rule 3002(c).")

A majority of courts agree that the bar date for Chapter 7 and Chapter 13 proofs of claim cannot be extended for excusable neglect. *See, e.g., In re Glow,* 111 B.R. 209, 215–17 (Bankr.N.D.Ind.1990) (citing cases); *In re Stern,* 70 B.R. 472, 474–75 (Bankr.E.D.Pa.1987). While a few courts have permitted untimely filings under Rule 3002, *see, e.g., In re Arosemena,* 65 B.R. 246, 248 (Bankr.M.D.Fla.1986); *In re Benedict,* 65 B.R. 95, 96 (Bankr.N.D.N.Y.1986) (dicta); *In re Heyward,* 15 B.R. 629, 635 (Bankr.E.D.N.Y.1981), this result negates the express language of Bankruptcy Rule 9006(b)(3). In addition, several of these cases rely on *Hassett v. Weissman (In re O.P.M. Leasing Services, Inc.),* 48 B.R. 824 (S.D.N.Y.1985), to justify an extension of the bar date. *In re O.P.M. Leasing* involved a Chapter 11 reorganization, not a Chapter 7 liquidation, and the procedures for filing proofs of claim in Chapter 11 cases are different. Bankruptcy Rule 3003 governs proofs of claim filed in Chapter 9 and Chapter 11 cases, and it expressly authorizes the bankruptcy court to extend the time for filing proofs of claim "for cause shown." Bankr.R. 3003(c)(3). For this reason, *In re O.P.M. Leasing Services, Inc.* and other cases under Chapter 11 are of little relevance in the Chapter 7 context.

There is no question that strict application of the bar date can have harsh results, as in this case, where the bankruptcy court found that Otero and the RTC made reasonable efforts to track and process plead-

ings.[1] But the countervailing need for prompt administration of the debtor's estate and for finality in this process led Congress to enact the limitations in Bankruptcy Rules 3002(c) and 9006(b). This policy is preeminent. *See In re Stern*, 70 B.R. at 475, 476 (noting legislative trend toward requiring creditors to assert their claims ever more quickly); *In re International Resorts, Inc.*, 74 B.R. 428, 430 (Bankr. N.D.Ala.1987) (bankruptcy court has "no power to substitute equitable considerations for the manifest intent of Congress" under predecessor rule); Bankr.R. 9006 advisory committee note ("In some instances it would be inconsistent with the objective of the rule and sound administration of the case to permit extension under rule 9006(b)(1).... If a rule is included in paragraph (3) an extension may not be granted under paragraph (1)").

Accordingly, the judgment of the bankruptcy court is REVERSED.

---

**1.** This was not a situation in which the creditor had no notice of the bankruptcy proceedings or where there had been no attempt to serve notice of the bar date. In such circumstances, failure to extend the bar date could result in a denial of due process. *See In re Harbor Tank Storage Co.*, 385 F.2d 111, 114 (3d Cir.1967). Here, it is undisputed that Otero, and its successor the RTC, had notice of SCC's bankruptcy and that the NOPD was mailed to all creditors, including Otero. (*See* R.Vol. II at 15–16, 19, 20–21, 39.)