**In re Thomas M. COLE, et al., Debtors.**

**UNITED STATES of America, on Behalf of its agency, the INTERNAL REVENUE SERVICE, Appellant.**

v.

**Thomas M. COLE, et al., Appellees.**

**Civ. A. No. 92–K–1422.**

**Bankruptcy No. 90 B 6786 E.**

United States District Court,
D. Colorado.

Oct. 30, 1992.

---

838

William G. Pharo, U.S. Atty.'s Office, Civ. Div., Bruce Alan Anderson, I.R.S., Dist. Counsel, Denver, Colo., Karen L. Baker, Tax Div., Dept. of Justice, Washington, D.C., for I.R.S.

Robert E. Woodford, Manitou Springs, Colo., for appellee.

Sally J. Zeman, Denver, Colo., Chapter 13 Trustee.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

In this bankruptcy appeal, the federal government requests me to reverse the bankruptcy court's ruling denying its motion to allow a late proof of claim. The debtors, Thomas M. and Sandra L. Cole, concur in the government's position. The bankruptcy court held that under the Bankruptcy Rules it did not have discretion to allow the government to file an untimely claim. Having reviewed the government's brief and the record, I find that the facts and legal arguments are adequately presented and the decisional process would not be significantly aided by oral argument. *See* Bankr.R. 8012.

### I. *Facts.*

The facts are very simple. The Coles filed their Chapter 13 petition on May 25, 1990. On their schedules, they listed the Internal Revenue Service as holding a claim of $2,144.21 for delinquent 1988 and 1989 income taxes. The address given for the IRS on the schedule and on the certificate of mailing for the debtors' motion to confirm their plan was "IRS, Austin TX

73301." The October 10, 1990 bar date for filing claims passed without the IRS or the debtors filing a proof of claim for the delinquent taxes. On May 27, 1992, the IRS filed a claim for $2,2024.68 in back taxes for the 1988 and 1989 tax years,[1] and shortly thereafter the government moved for permission to allow the claim. The debtors concurred in the motion. In an order dated July 14, 1992, the court denied the government's motion, reasoning that "[t]he Court has not been conferred any authority to extend the time period for filing proofs of claim by the creditor," (R. Doc. 22 at 2), relying in part on my decision in *National Bank of Canada v. Chadderdon (In re Smartt Construction Co.)*, 138 B.R. 269 (D.Colo.1992).

## II. *Legal Analysis.*

### A. *Can the Bar Date be Extended When the Creditor Had No Notice?*

■ The central question in this case is whether a creditor who has not received notice of a Chapter 13 bankruptcy case or the deadline for filing proofs of claim must be permitted to file a late proof of claim. There is conflicting authority on this issue. In my opinion, however, the better reasoned cases hold that the notice requirements of the Code and Rules, due process and fundamental fairness all require the allowance of late proofs of claim in these circumstances.

The Bankruptcy Code does not specify the time limit within which a creditor must file a proof of claim. *See United States v. Cardinal Mine Supply, Inc.*, 916 F.2d 1087, 1088 (6th Cir.1990); 11 U.S.C. § 501. Instead, those limits are set forth in the Bankruptcy Rules. Bankruptcy Rule 3002(c) requires a proof of claim in a Chapter 13 case to be filed "within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code." In addition, the rule lists six exceptions for which the 90–day period does not apply, none of which are relevant to this case. *See* Bankr.R. 3002(c)(1)–(6). If a creditor fails to file a claim within the time specified in Bankruptcy Rule 3002(c), the Bankruptcy Rules further permit the debtor or the trustee to file a claim "in the name of the creditor, within 30 days after the expiration of the time for filing claims prescribed by Rule 3002(c)." Bankr.R. 3004.

If neither the creditor nor the debtor has timely filed a proof of claim, and the creditor later seeks permission to do so, the bankruptcy court must look to Bankruptcy Rule 9006(b) to determine whether it may grant the creditor's request. This rule grants the bankruptcy court discretion to extend time periods set forth in the rules if the request for extension is made before the period expires, or if the failure to act within the specified period was the result of "excusable neglect." Bankr.R. 9006(b). The rule has two exceptions, however. The first absolutely prohibits extensions of time with respect to several rules, none of which are involved here. Second, enlargement is permitted in connection with Bankruptcy Rule 3002(c) and other specified rules "only to the extent and under the conditions stated in those rules." Bankr.R. 9006(b)(3). Thus, "[a] majority of courts agree that the bar date for Chapter 7 and Chapter 13 proofs of claim cannot be extended for excusable neglect," since it is not one of the exceptions listed in Rule 3002(c). *In re Smartt Constr. Co.*, 138 B.R. at 271.

The bankruptcy court below relied on this principal to deny the government's motion to allow its late-filed claim. In doing so, it dismissed the government's reliance on another case nearly identical on its facts, *In re Johnson*, 95 B.R. 197 (Bankr. D.Colo.1989). The court rejected *In re Johnson* as persuasive authority because it was handed down before my decision in *In re Smartt Construction Co.*, apparently reasoning that the former was abrogated by the latter. (*See* R. Doc. 22 at 2 n. 1.) That conclusion is flawed.

In *In re Smartt Construction Co.*, the debtor company and its principal officer filed separate Chapter 7 bankruptcy pro-

---

1. The government states that claim consisted of a priority claim of $1,871.89 and an unsecured general claim of $152.99, though these figures reflect a claim in the combined amount of $2024.88, not $2024.68.

ceedings. *See* 138 B.R. at 270. The Resolution Trust Corporation (RTC), as receiver of a savings institution which was a creditor in both cases, filed a timely proof of claim only in the officer's case but failed to do so in the corporation's case. The RTC argued that its failure was excusable neglect because, while it had received the appropriate notice triggering the time period in the officer's case, it did not receive the notice in the corporate case despite adequate internal mail-handling procedures. The bankruptcy court agreed and granted the RTC's motion for approval of the late claim. *See id.* at 270–71.

On appeal, I reversed, holding that the provision of Bankruptcy Rule 9006(b)(1) permitting extensions of time for excusable neglect was inapplicable to a request for an extension of time to file a proof of claim under Rule 3002(c). *Id.* at 271. In a footnote, however, I indicated one situation in which this inflexible rule would not apply, explaining:

> This was not a situation in which the creditor had no notice of the bankruptcy proceedings or where there had been no attempt to serve notice of the bar date. In such circumstances, failure to extend the bar date could result in denial of due process. *See In re Harbor Tank Storage Co.,* 385 F.2d 111, 114 (3d Cir.1967). Here, it is undisputed that Otero, and its successor the RTC, had notice of SCC's bankruptcy and that the NOPD was mailed to all creditors, including Otero.

*Id.* at 272, n. 6.

In contrast, in *In re Johnson,* despite earlier contact by a local IRS revenue officer, several notices in the debtors' bankruptcy case were mailed to the IRS at "Ogden, Utah 84201." In addition, the Chapter 13 Trustee's notice of bankruptcy filing, which established the date of the first meeting of creditors and the bar date for filing proofs of claim, was never mailed to the IRS. *See* 95 B.R. at 198. Ruling on the debtors' objection to the IRS' late proof of claim, the bankruptcy court acknowledged that Rule 9006(b)(3) prevented the court from allowing the untimely filing of a proof of claim where the creditor alleges

excusable neglect. *See id.* at 202 & n. 13. Nevertheless, the court held that "under truly extraordinary, compelling circumstances" a late filed claim could be allowed. *Id.* at 202. The *Johnson* court concluded that "[l]ack of timely and meaningful notices, i.e., due process, fulfills the requisite stated above that upon a showing of extraordinary and compelling reasons, the period of time might be extended within which a creditor may file a proof of claim." *Id.* at 203.

■ I don't find the decisions in *In re Smartt Construction* and *In re Johnson* to be in conflict; the facts of the two cases are different. In *Smartt Construction,* the notices of possible dividend, triggering the claims filing period, were properly addressed and mailed to the RTC in both related bankruptcy cases, but for unknown reasons the RTC did not receive one of the notices. The debtor complied with the notice requirements of the Code and Rules; the error, if any, occurred after the notices were mailed. In contrast, in *Johnson* the debtors sent notices to the IRS at a general address. The *Johnson* court ruled that this notice was "simply not sufficient in a pending bankruptcy case, particularly where taxes are at issue and in dispute." 95 B.R. at 203 n. 15. The question in *Johnson* was whether the debtors complied with the notice requirements under the Code and Rules, not whether the creditor's failure to act on the notice was excusable neglect. This holding squares with *Smartt Construction*'s recognition that due process requires the creditor be permitted to file a late proof of claim when it has not been given adequate notice of the bankruptcy proceedings through no fault of its own. In this sense, "adequate" means sufficient to satisfy the requirements of due process or fundamental fairness.

Courts have permitted the IRS and other creditors to file a late proof claim in similar circumstances. For example, in *United States v. Cardinal Mine Supply, Inc.,* the court held that "[d]ue process and equitable concerns require that when a creditor does not have notice or actual knowledge of a bankruptcy, the creditor must be per-

mitted to file tardily when the creditor does so promptly after learning of the bankruptcy." 916 F.2d at 1089. The court's holding in *Cardinal Mine* concerned the priority of the IRS' tardy claim in a Chapter 7 distribution. The IRS was not listed as a creditor in the case and did not receive notice of the first meeting of creditors. Although the court recognized that the government is not a person entitled to due process under the Fifth Amendment, *id.* at 1089, it held that "basic principles of justice" and the notice requirements of the Code required that the IRS' late-filed claim be allowed and not subordinated to non-priority unsecured claims, *id.* at 1092.

Other courts likewise have permitted a creditor without adequate notice of the bankruptcy proceedings to file a late proof of claim in similar circumstances. *See, e.g., Kilbarr v. General Servs. Admin. (In re Remington Rand Corp.),* 836 F.2d 825 (3d Cir.1988); *Reliable Elec. Co. v. Olson Constr. Co.,* 726 F.2d 620, 623 (10th Cir. 1984); *In re Harbor Tank Storage Co.,* 385 F.2d 111 (3d Cir.1967); *cf. In re Dewey Beach Enter., Inc.,* 110 B.R. 681, 684 (Bankr.D.Del.1990) (recognizing that creditor with no notice of bar date may be constitutionally entitled to file late proof of claim). The bankruptcy court below rejected the Tenth Circuit's decision in *Reliable Electric* and related cases because they involved Chapter 11 reorganizations (or the Bankruptcy Act equivalent) for which the rules for extensions of time for filing proofs of claim are different. *See, e.g.* Bankr.R. 3003, 9006(b) (permitting creditor to file late proof of claim for excusable neglect). The rationale supporting the allowance of the late proofs of claim in those cases, however, was not excusable neglect, but due process. Other courts have reaffirmed this view in the Chapter 13 setting. *See, e.g., Smith v. Martinez (In re Martinez),* 51 B.R. 944, 947 (Bankr.D.Colo. 1985) (noting applicability of *Reliable Electric* and *Harbor Tank Storage* in Chapter 13 cases); *In re Barnett,* 42 B.R. 254 (Bankr.S.D.N.Y.1984); *cf. In re Hausla-*

*den,* 146 B.R. 557 (Bankr.D.Minn.1992) (tardily-filed Chapter 13 claim not precluded by section 501 or Bankr.R. 3002).

In contrast, the court in *In re Global Precious Metals, Inc.,* 143 B.R. 204 (Bankr. N.D.Ill.1992), discounted the analysis of the *Cardinal Mine* and related cases. Contrary to the assumption in *Cardinal Mine* that the creditor is deprived of property if not permitted to file a late proof of claim, the *Global Precious Metals* court noted three sections of the Code which protect the creditor: (1) section 726(a)(2)(C), which allows the creditor to participate in a Chapter 7 distribution despite a late filed claim if it did not have notice of the proceedings, (2) section 523(a)(3), which exempts from discharge claims not listed or scheduled, and (3) section 501(c), which authorizes the trustee or the debtor to file a proof of claim on behalf of the creditor who does not timely file. *See id.* at 206.

While the court's analysis in *Global Precious Metals* is helpful in connection with a case proceeding under Chapter 7, it is not persuasive in the Chapter 13 context. First, section 726(a)(2)(C) is not applicable in a Chapter 13 case, and there is no similar treatment giving recognition to tardily-filed claims in Chapter 13. Likewise, assuming a Chapter 13 debtor receives a discharge under section 1328(a) of the Code, which grants the debtor a discharge after all payments under the plan have been made, certain provisions of section 523 excepting debts from discharge do not apply. Section 523 pertains only to discharges under section 1328(b), which grants the debtor a discharge in hardship and good-faith cases.[2] For example, section 523(a)(1) exempting priority claims from discharge would not apply, nor would a creditor whose debt was neither scheduled nor listed be protected by section 523(a)(3). *But see In re Glow,* 111 B.R. 209, 217 (Bankr. N.D.Ind.1990) (noting that creditor without notice of bankruptcy proceedings protected from deprivation of due process by section

---

2. Section 1328(a) of the Code, however, makes applicable to discharges granted thereunder the exceptions contained in subsections (5), (8) and

(9) of section 523. *See* 11 U.S.C. § 1328(a)(2). These exceptions are not relevant here.

523(a)(3) if discharge granted under section 1328(b)).

■■■ Finally, a debtor contemplating a successful completion of plan payments under Chapter 13 has little incentive to file a proof of claim on behalf of a creditor under section 501. The purpose of section 501 is to protect the debtor if the creditor's claim is *nondischargeable,* so that it may provide for payment of the claim in full or in part under the plan, rather than having to repay the entire debt after the case is closed. *See In re Johnson,* 95 B.R. at 199 n. 4. As explained in *Daniel v. United States (In re Daniel),* this section is permissive, not mandatory:

> Section 501(c), which allows the debtor or the trustee to file a proof of a creditor's claim when the creditor does not file a timely proof of claim, is permissive only. There is nothing in the statutory scheme to suggest that debtors must file claims for creditors in order for the debts to be discharged under the liberal discharge provisions of § 1328(a).

107 B.R. 798, 803 (Bankr.N.D.Ga.1989). More important, although Chapter 13 requires the plan to provide for payment in full of all priority claims, "only priority claims actually filed must be paid. If a plan provides for payment of a priority claim and that claim is not paid only because it was never filed by the holder of the claim, the claim is dischargeable under section 1328(a)." 5 *Collier on Bankruptcy* ¶ 1322.03 at 1322–7 (L. King 15th ed. 1992); *see also Ledlin v. United States (In re Tomlan),* 102 B.R. 790, 795–97 (E.D.Wash. 1989), *aff'd,* 907 F.2d 114 (9th Cir.1990); *In re Ryan,* 78 B.R. 175, 178 (Bankr. E.D.Tenn.1987). Consequently, a debtor gains little benefit by filing a proof of claim to protect a creditor whose interest will ultimately be discharged. For this reason, section 501 gives scant protection to a creditor who fails to file a proof of claim because it was deprived of notice.

In light of the different posture of Chapter 13 cases, affirmance of the bankruptcy court's ruling could result in dangerous precedent. Debtors would not be encouraged to give proper notice to creditors, thwarting their ability to file timely proofs of claim. Since a proof of claim must be filed in order for a claim to be allowed, these creditors would not be entitled to payments under the plan and their claims would be discharged after consummation of the plan under section 1328(a). Unlike cases under other Code chapters, no back door provisions under Chapter 13 otherwise allow the creditor with no notice to participate in distributions. For these reasons, a creditor who has received no notice in a Chapter 13 case should be entitled to file a late proof of claim, notwithstanding the provisions of Bankruptcy Rules 3002(c) and 9006(b).

## B. *Was the Notice Defective?*

■■ A second issue in this appeal is whether the notice provided to the IRS, mailed to one of its service centers, was effective. The Bankruptcy Rules provide little guidance. Rule 2002(j) is the only rule that speaks of notice to the United States. The provisions of that rule concern only Chapter 11 cases, commodity broker cases, and cases involving a debt to the United States other than for taxes. Nothing in the rule requires notice to be given to the IRS in every Chapter 13 case as in Chapter 11 cases, *see* Bankr.R. 2002(j)(3), or specifies generally where or to whom the notice must be sent. "Since the Bankruptcy Rules ... do not contain any provision dealing with where to send notice to the IRS in a Chapter 13 case, the Court's inquiry is limited to whether the specific notice given in this case was fair and reasonable under the circumstances." *In re Daniel,* 107 B.R. at 801.

The two cases most closely on point on this issue are *In re Johnson* and *In re Daniel.* In *Johnson,* as in this case, notices were sent to the IRS at a general address. As noted above, the bankruptcy court found that this notice was simply not reasonable under the circumstances. The court's conclusion was "derived from rather obvious deficiencies such as Debtors failure to mail their Amended Plan, Motion to Confirm (Amended) Plan, and Notice of Hearing ... to the IRS at (a) a specific,

appropriate IRS office address, preferably to the attention of (i) a designated department, or (ii) an authorized Revenue Officer's attention, or (b) in accordance with local Court requirements."[3] 95 B.R. at 203. In addition, the court reasoned that because notice to the government is often subject to specific requirements, debtors should pay special attention to "insure timely and meaningful notice to government agencies, as well as other creditors." *Id.*

In contrast, in *Daniel*, the bankruptcy court held that notice to the IRS was sufficient. There the debtors sent bankruptcy notices to the IRS at the address provided on a collection notice they received from the agency before filing for bankruptcy. The IRS argued that the notices should have been sent to its district director, as required in Chapter 11 cases, and not to its collection office, which had no authority to file a proof of claim. The court rejected the IRS' contention that the notices required of debtors in Chapter 11 proceedings applied in a Chapter 13 proceeding. 107 B.R. at 800. It held that notice to the IRS at the collection office indicated on earlier correspondence was sufficient under the circumstances and that the debtors "cannot be charged with knowing the intricacies of the organization." *Id.* at 801.

Here, there is nothing in the record to indicate why the debtors sent their notices to the IRS at its service center or whether they had knowledge of a more appropriate address. Likewise, the government does not explain why the debtors' use of the service center address is unreasonable or why the center could not have forwarded the notices to the appropriate office. *See In re Daniel*, 107 B.R. at 801. In fairness, however, the parties did not have the opportunity to create a record on this issue, since the bankruptcy court held that it had no discretion to consider a late-filed claim, even for lack of notice.

Consequently, because of the meager record, I cannot determine whether the IRS had effective notice in this case. If I follow the rationale of *In re Johnson*, notice sent to a general IRS address, standing alone, is unreasonable. On the other hand, if the only address the debtors had when they filed their case was that of the regional service center and the IRS could have forwarded the notice to the correct division, under the reasoning of *In re Daniel*, this notice may have been "fair and reasonable under the circumstances." *See id.*

### III. *Conclusion.*

In my opinion, contrary to the bankruptcy court's view, the strict limits on extensions of time for filing proofs of claim do not apply to a situation where the creditor has had no effective notice of the proceedings or the bar date. Thus, I cannot affirm on this ground. Accordingly, I REVERSE and REMAND for a rehearing and a determination by the bankruptcy court whether the notice to the IRS was fair and reasonable under the circumstances.

---

**3.** The court further indicated that the clerk of the bankruptcy court in this district had issued special instructions regarding proper mailing of notices to the IRS and the Colorado Department

of Revenue, and that those instructions were at one time provided to practitioners. *See* 95 B.R. at 199.