**In re BENNY'S LEASING, INC., Debtor.**

**Richard W. ROEDER, Trustee, Movant,**

v.

**INTERNAL REVENUE SERVICE, Respondent.**

Bankruptcy No. 90–00506E.

Motion No. 92–MRR–4.

United States Bankruptcy Court, W.D. Pennsylvania.

Dec. 9, 1993.

Richard W. Roeder, Titusville, PA, Trustee and atty. pro se.

Tamara Ochs Rothchild, Titusville, PA, for trustee.

Mary M. Houghton, Pittsburgh, PA, Angelo A. Frattarelli, U.S. Dept. of Justice, Washington, DC, for I.R.S.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Introduction

Benny's Leasing, Inc. ("Debtor") filed a voluntary Petition under Chapter 7 of the Bankruptcy Code on July 12, 1990. Richard W. Roeder, Esq. ("Trustee") serves as Trustee. Presently before the Court is the Trustee's Objection to Claim Number 28 ("IRS Claim") filed by the Internal Revenue Service ("IRS").

### Procedural Background

The Trustee objects to the IRS Claim on the basis that it was late filed. The IRS denies that its claim was late filed. We directed the IRS to file a brief in response to the Trustee's Objection which the IRS timely filed on October 26, 1992. Following our review of the file, it appearing that a part of the IRS Claim was a lien claim which would necessarily be paid whether or not it was late filed, we directed the Trustee to file a responsive brief, and to specifically address therein "whether part of the IRS Claim is in fact a lien claim and, if so, the recommended treatment thereof."

In his responsive brief, the Trustee asserts that the IRS lien is invalid under 11 U.S.C. § 545(2) with respect to property specified in 26 U.S.C. § 6323(b) and (c). The Trustee asserts that the IRS has a lien on only $1,160 of the proceeds from the Trustee's sale of the Debtor's assets, and that the remaining sale proceeds are protected from the IRS lien by the provisions of § 6323 of the Internal Revenue Code. The Trustee asserts that the $1,160 is subject to the IRS's prorata share of the costs of sale.

In view of the assertions raised by the Trustee's responsive brief, the IRS was afforded an opportunity to file a reply. In its reply, the IRS did not address the merits of the Trustee's argument on secured status, but asserted that the issue was not properly before the Court.

On September 27, 1993, we issued a Memorandum holding that the Trustee could question the IRS's secured status as part of the Objection to the IRS Claim, and that "in any event, the proper parties are before the Court and it made little sense to require a separate 'action' to resolve the issues." We also directed that the IRS file a further brief on the merits. A continued hearing was held on November 9, 1993.

### Factual Background

On September 21, 1990, notice to file a proof of claim was mailed to the IRS at its Philadelphia, Pennsylvania regional service center. The deadline for filing proofs of claim was fixed as December 12, 1990 (the "Bar Date"). Nearly a year after the Bar Date, on November 25, 1991, the IRS filed its claim.

The IRS Claim asserts a secured claim of $9,438.61, an unsecured priority claim of $9,074.72 and a general unsecured claim of $875.58. The secured portion of the IRS Claim is based on properly filed notices of federal tax lien.

The Trustee asserts that 11 U.S.C. § 545(2) permits him to reduce the IRS's lien by invoking the protection of § 6323(b) of the Internal Revenue Code, 26 U.S.C. § 6323(b). The IRS responds that § 6323(b) is inapplicable.

### Issues

1. Whether it is sufficient for a debtor to mail notice of the bar date for filing proofs of claims to the IRS at its regional service center?

2. To what extent does the IRS have a valid lien claim for purposes of distribution?

### Discussion

#### I. Notice

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) *citing Milliken v. Meyer*, 311 U.S. 457,

61 S.Ct. 339, 85 L.Ed. 278 (1940). The IRS relies upon *In re Johnson*, 95 B.R. 197 (Bankr.D.Colo.1989) for its position that notice mailed to the IRS Service Center is inadequate and unmeaningful, not reasonably calculated to give the IRS notice of the bar date.

The IRS asserts that *In re Johnson*, is "the most direct case on point." The *Johnson* Court concluded that "[l]ack of timely and meaningful notices, i.e., due process, fulfills the requisite stated above that upon a showing of extraordinary and compelling reasons, the period of time might be extended within which a creditor may file a proof of claim." *Id.* at 203. In *Johnson*, however, notice of the bar date for filing proofs of claim was never mailed to the IRS at any address. *Id.* at 198.

In contrast, in the matter before the Court, the IRS did receive notice at its Service Center. The IRS offers no explanation for the assertion that it "did not become aware of the case until October 17, 1991." The only logical explanation is an internal breakdown in the procedures for the forwarding of notices within the IRS.

There is no contention that the address the Debtor used is not an address of the IRS or that the Debtor used an erroneous address, nor is there any suggestion that the Debtor did not use the best address they had. Neither the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or the Local Bankruptcy Rules contain any provision requiring the debtor to include on its mailing matrix specific addresses for various departments of the IRS.

The policy of promoting orderly administration of bankruptcy cases mandates that a cutoff date or bar date be set for the filing of claims. The Bankruptcy Court has discretion to extend the time to file a proof of claim after the bar date where the failure to file was the result of excusable neglect. Fed. R.Bankr.P. 9006(b); *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *In re Vertientes, Ltd.*, 845 F.2d 57 (3rd Cir.1988). In making a determination of whether the neglect is "excusable," the Court considers all of the relevant

circumstances including prejudice to the debtor, length of delay, reason for delay, sophistication of the creditor and whether the delay was due to circumstances beyond the creditor's control. *Id.*

Here, the delay is due the IRS's own faulty procedures. The IRS fails to make any explanation for a delay of over one year. The notice was adequate. The IRS is a sophisticated creditor which files many proofs of claim and the duty to forward the notice to the proper department for filing the claim was solely within the control of the claimant.

We are not unmindful of the great number of documents which the IRS Service Center processes. However, if a bank receives notice at a local collection office, the law binds the bank to such notice even though the bank asserts that such collection office only handles collection transactions and was not the proper office to receive or recognize a legal notice. We see no reason for the IRS to receive different treatment. Any different treatment must come from the legislature or the Bankruptcy Rules.

The Trustee's objection to Claim No. 28 of the IRS as late filed will be sustained.

## *II. Lien Claim*

 A tax lien is not avoided because a tax authority with notice or knowledge of the bankruptcy case fails to file a claim for the liability. 124 Cong.Rec. H11111–12 (daily ed. Sept. 28, 1978); § 17428 (daily ed. Oct. 6, 1978). 11 U.S.C. § 506(d) provides that a lien is not avoided unless a party in interest has requested that the court determine and allow or disallow the claim. No such request was filed and no such determination was made. Therefore, the lien portion of the IRS Claim remains in effect even though the IRS Claim was not timely filed.

The Trustee relies on 11 U.S.C. § 545 and 26 U.S.C. § 6323(b) and (c) for the position that the IRS lien is not valid against the proceeds of items sold by the Trustee except for $1,160. We need not decide the effect of § 545 and § 6323, as our review of the Trustee's final account reveals other assets (mostly collections of accounts receivable) in the Trustee's possession to which § 6323 is inapplicable. The IRS lien had attached to those funds which are in an amount sufficient to pay the IRS lien claim in full.

The Trustee will be directed to prepare a revised proposed distribution which provides for full payment of the IRS's lien claim.

## *ORDER*

This 9th day of December, 1993, in accordance with the accompanying Opinion, it shall be, and hereby is, ORDERED as follows:

1. The Trustee's objection to Claim Number 28 fled by the Internal Revenue Service is sustained and the claim is disallowed.

2. The Trustee is directed to file and serve, within 30 days, a revised proposed distribution which provides for full payment of the Internal Revenue Service lien claim.