In re BENNY'S LEASING, INC., Debtor.

Richard W. ROEDER, Movant,

v.

INTERNAL REVENUE SERVICE, Respondent.

Civ. A. No. 94–58.

United States District Court,
W.D. Pennsylvania.

June 23, 1995.

Angelo A. Frattarelli, U.S. Department of Justice, Tax Division, Washington, DC, for respondent.

Richard Roeder, Titusville, PA, Tamera Ochs Rothschild, Roeder & Rothschild, Titusville, PA, for movant.

## OPINION

DIAMOND, District Judge.

Presently before the court is an appeal which resulted from a creditor's allegation of inadequate notice concerning a bankruptcy action. The bankruptcy court ruled that Internal Revenue Service ("IRS") had received adequate notice and dismissed its claim as untimely. For the reasons set forth below, the bankruptcy court's determination will be affirmed.

### Background

Benny's Leasing, Inc. ("Debtor"), filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 12, 1990. On September 21, 1990, notice for the filing of a proof of claim was mailed to the IRS at its Philadelphia, Pennsylvania, Regional Service Center. The deadline for filing proofs of claims was December 12, 1990 (the "bar date"). On November 25, 1991, more than eleven months after the bar date, the IRS filed its claim. The trustee for the Debtor objected. The bankruptcy court sustained the trustee's objection, opined that the IRS

had received sufficient notice and denied the IRS's claim as untimely.

### Facts

The historical facts are straight-forward and not in dispute. A notice of asset case was commenced on September 10, 1990, pursuant to a voluntary petition under Chapter 7 by the Debtor. Thereafter notices to file proofs of claim were issued to 75 creditors listed on a mailing matrix. The mailing matrix set forth the following address for the IRS: Internal Revenue Service, Philadelphia, Pennsylvania 19255–0005. This was the address for the IRS Regional Service Center where tax returns are routinely filed by taxpayers from several mid-Atlantic states.

As previously noted the IRS filed its claim in the bankruptcy court eleven months after the bar date. The IRS argued that the local IRS office responsible for the Debtors' tax account did not become aware of the bankruptcy proceeding until October 17, 1991. The IRS did not file a motion for leave to file a late proof of claim nor did it offer evidence to support its contention that the notice was inadequate. The IRS did acknowledge receipt of the notice but failed to explain the significant time lapse between the date notice was sent and the filing of its claim. The IRS simply argued that the Debtor was required to notify the special procedures office of the IRS in Pittsburgh. After consideration of parties' briefs, the bankruptcy court determined, *inter alia,* that the notice to the IRS Service Center was adequate.

### Discussion

The issue on appeal is whether the IRS received adequate notice when the notice was sent to its Service Center. The burden is on the Debtor to ensure that all creditors have been properly notified. *In re Anderson,* 159 B.R. 830 (Bankr.N.D.Ill.1993) (citing *In re Avery,* 134 B.R. 447, 448 (Bankr. N.D.Ga.1991)). For a creditor to have "adequate notice" of the filing of a bankruptcy petition, the notice must be sufficient to satisfy (1) the requirements of due process in cases between private parties or (2) fundamental fairness where the government is a party. *Id.* at 838. *See also In re Cole,* 146

B.R. 837, 840 (Bankr.D.Colo.1992). In order to constitute proper notice, the notice given must be fair and reasonable under the circumstances. *In re Daniel,* 107 B.R. 798, 801 (Bankr.N.D.Ga.1989).

 Here, the notice received by the IRS was sufficient for several reasons. First, the IRS was listed as a creditor, the Debtor mailed notice to the IRS and the IRS acknowledged receipt of that notice. Second, although notice was sent to a service center and not to the special procedures division in Pittsburgh, there are no provisions in the Local Bankruptcy Rules which mandate or suggest that notice to the IRS must be sent to a special procedures division. As the bankruptcy court noted: "the IRS is a sophisticated creditor which files many proofs of claim and the duty to forward the notice to the proper department for filing the claim was solely within the control of the [IRS]." *See* Opinion, p. 6. Third, the Debtor acted diligently and in good faith by providing notice to the IRS at the address available to the Debtor for other important correspondence such as filing income tax returns and requesting refunds. Accordingly, the notice given was "reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).

In support of its position the IRS asserts that *In re Johnson,* 95 B.R. 197 (Bankr.D.Colo.1989), is "the most direct case on point." The *Johnson* court concluded that "upon a showing of extraordinary and compelling reasons [i.e. lack of timely notice], the period of time might be extended within which a creditor may file a proof of claim." *Id.* at 203. In the instant matter, however, the IRS did not request a time extension and offered no explanation for why "it did not become aware of [this case] until October 17, 1991." The IRS presented no evidence to support its contention that the address the Debtor used was not an address of the IRS. Likewise, the IRS offered no evidence that there was a more appropriate address available to the Debtor.

It is a well settled that the aim of a Chapter 7 liquidation is the prompt closure and distribution of a Debtor's estate. *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership,* —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). This principle could not be maintained if a creditor were permitted to file a late claim where it received adequate notice and simply failed to utilize procedures within its control to assure that such claims are properly forwarded to the appropriate internal division.

### Conclusion

For the reasons set forth above, the decision of the Bankruptcy Court for the Western District of Pennsylvania will be affirmed.