**In re Jeri Ann JUDKINS, Debtor.**

**GENERAL MOTORS ACCEPTANCE
CORPORATION, Applicant,**

v.

**Jeri Ann JUDKINS, Debtor, and Sally
J. Zeman, Trustee, Respondents.**

**Bankruptcy No. 92–17914 RJB.**

United States Bankruptcy Court,
D. Colorado.

Feb. 24, 1993.

**554**

Sharon Grossenbach, Denver, CO, for debtor.

Monty G. Hogue, Lowery and Lowery, P.C., Denver, CO, for creditor General Motors Acceptance Corp.

Peg S. Ratliffe, Denver, CO, Chapter 13 Trustee.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER came on for hearing on February 23, 1993, on a Joint Motion for Allowance of Late Filed Proof of Claim filed by General Motors Acceptance Corporation ("GMAC") and the Debtor on January 11, 1993, and the Objection thereto filed by the Standing Chapter 13 Trustee ("Trustee").

This case was filed under Chapter 13 of the Bankruptcy Code on June 22, 1992. The meeting under 11 U.S.C. § 341 was held August 4, 1992. The last date to file a timely claim was set as November 2, 1992.

On October 2, 1992, the Debtor filed her Third Amended Chapter 13 Plan ("Plan") and on October 20, 1992, sent notice under Local Rule 23 to all creditors and to the Trustee. That notice provided that all parties had until November 30, 1992, to object to the Plan. There were no objections filed and on December 1, 1992, the Court entered its order confirming the Debtor's Plan.

GMAC is provided for in the Debtor's Plan as a Class 3 creditor. The specific language of the Plan is as follows:

Class Three—The allowed secured claims shall be dealt with as follows:

A. Creditors holding secured claims who accept this plan shall be paid the amounts set forth in Column A;

B. Creditors holding secured claims who reject this plan shall be paid the value of their collateral capitalized at 10% over the period required to pay the sum in full. The Debtor(s) contends the value of the collateral securing such claims is as set forth in Column B:

| Creditor | Column A | Column B |
|---|---|---|
| GMAC | 3269.00 | 2700.00 |
| American General in Littleton | 115.00 | 100.00 |
| American General in Denver | 230.00 | 200.00 |

However, neither GMAC nor the Debtor ever filed a proof of claim under 11 U.S.C. § 501. By their joint motion now under consideration, they wish to have the Trustee pay GMAC the amount provided for in the Debtor's Plan. The Trustee objects asserting that because no proof of claim was timely filed she cannot pay GMAC under the Plan, and instead, must pay that amount over to the unsecured creditors as Class 4 creditors. (The Debtor uses Arabic and Roman numerals interchangeably to designate the classes of creditors in the Plan). The Plan provides for this class as follows:

Class 4—Allowed unsecured claims not otherwise referred to in the Plan:

CLASS FOUR CLAIMS ARE PROVIDED FOR AND SHALL BE PAID THE BALANCE OF PAYMENTS UNDER THE PLAN AFTER PAYMENT TO

THE CLASS I, II, AND III CLASS CREDITORS, APPROXIMATELY $446.00 PRO RATA [Capitals in original].

■ The day before the hearing, i.e. on February 22, 1993, the Debtor filed a Motion to Modify Plan Post–Confirmation. The proposed modified Plan is identical to the confirmed Plan except for the addition of the following language in Section IV OTHER PROVISIONS, to wit: "The tardily filed claim of GMAC will be paid concurrently with the timely filed class 3 claims." The Court must deny this motion. Confirmed plans can be modified only in accordance with 11 U.S.C. § 1329 and only for the explicit purposes set forth in subsection (a). This proposed modification simply does not accomplish any of the three purposes set forth in the statute.

■ In opposition to the present Motion for Allowance of Late Filed Proof of Claim, the Trustee cites *In re Smartt Construction Co.*, 138 B.R. 269 (D.Colo.1992). That was a Chapter 7 case wherein the Bankruptcy Court had granted a Motion for Leave to File a Proof of Claim. The Motion had requested permission to file a late proof of claim arguing that its failure to timely file was due to excusable neglect. The District Court reversed holding that the Bankruptcy Rules do not permit an extension of time to file a late proof of claim in a Chapter 7 case for excusable neglect. The unstated premise of the Motion and the District Court's opinion was that the creditor wanted its late claim treated as if it were timely filed so that it could share in any distribution with other timely filed claims. Neither the creditor, the Bankruptcy Court, nor the District Court was forced to consider the "allowability" of the claim as a late claim under 11 U.S.C. § 726 because there simply were insufficient assets to make any distribution to late filed claims. The decision therefore cannot be read as holding that a late filed claim is "disallowed" in its entirety because it is late. That issue was not before the court. When considered in the proper context, this case stands only for the proposition that under Bankruptcy Rule 3002 the court cannot extend the period to file *timely* proofs of claim for excusable neglect in a Chapter 7 case. It does not stand for the proposition that a late filed claim is "disallowed" for all purposes. If it did so it would be ignoring the clear provisions of 11 U.S.C. § 726(a)(3).

Does it matter that *In re Smartt, supra,* was a Chapter 7 case and here we are concerned with a Chapter 13 case? I think not. Bankruptcy Rule 3002(c) clearly provides that it applies in Chapter 7, Chapter 12, and Chapter 13 cases. Because there is no provision in Chapter 13 cases comparable to § 726(a)(3) one might ask what is the purpose of setting a time limit for the filing of proofs of claim in a Chapter 13 case. The court in *In re Hausladen*, 146 B.R. 557 (Bankr.Minn.1992), rightly points to the significance of such a time limit when it states:

> The rights of tardily filing claim holders in Chapter 13 cases are not defined by the Code but rather are controlled by the Chapter 13 plan. *See* 11 U.S.C. § 1322(b)(10). The plan may treat these claims in several different ways. The plan may provide that the tardily filed claims be paid after timely filed claims are paid in full or for no payment at all. The plan may provide identical treatment for all allowed unsecured claims, regardless of timeliness or for payment at a different percentage than timely filed claims.

■ The *Hausladen* case, *supra,* is, however, significant for more than that explanation. That case correctly points out that a claim cannot be *disallowed* because it is untimely. Only under 11 U.S.C. § 502(b) can a claim be *disallowed,* and tardiness is not a basis for such disallowance. Tardiness can be a basis for different *treatment,* either statutorily in a Chapter 7 case under 11 U.S.C. § 726, or by the specific provisions of a plan in a Chapter 13 case. In this particular Plan, the Debtor chose to treat the secured claim of GMAC in the same fashion as other secured claims, be they timely or tardy. Thus, there is no reason for this Court to rule that GMAC may now file a proof of claim that will be considered as a timely claim.

If GMAC files a claim (which it did shortly after the hearing and accepted the Plan), it will be *tardy* under the *Smartt*, case, *supra,* but it will be an *allowed* claim under 11 U.S.C. § 502(a) unless it can be successfully challenged under the specific provisions of 11 U.S.C. § 502(b).

■ The Trustee at the hearing argued that she cannot distribute funds to a creditor under the plan unless and until a proof of claim is filed. Apparently, she is relying on the case of *In re Johnson,* 95 B.R. 197 (Bankr.Colo.1989). That case held a proof of claim must be *timely* filed for and on behalf of a creditor with a secured claim in order for that creditor to receive distributions through the Chapter 13 Trustee in Chapter 13 plans. I must respectfully disagree with that conclusion. As the court in *Johnson* correctly points out, there is a specific requirement in Bankruptcy Rule 3002(a) that an *unsecured* creditor must timely file a proof of claim to have that claim allowed, but there is no comparable, express mandate for secured creditors. *In re Johnson,* 197 B.R. 197 at 200. That case gives no citation to a statute or rule that requires a secured creditor in a Chapter 13 case to timely file a proof of claim in order for that claim to be allowed. The basis for the conclusion of the court is that administrative convenience of the Chapter 13 Trustee and "inference" from other sections of the Bankruptcy Code demand such an interpretation. *In re Johnson,* 95 B.R. 197 at 202. But administrative convenience should not be an excuse to override substantive rights. Nor should the court, by "inference" from other non-applicable sections of the Bankruptcy Code, deny a creditor's substantive rights.

■ The *Johnson* court is also correct when it points out that under Bankruptcy Rule 3021, the Chapter 13 Trustee is to distribute funds to creditors whose claims have been *allowed.* That rule comports with 11 U.S.C. § 1326(a)(2) that mandates that the Trustee shall distribute funds in accordance with the plan. But again, neither § 1326 or Rule 3021 specifies whether a claim is allowed or disallowed. They only tell us how to handle claims *after* they have been allowed or disallowed. The Trustee argues that it is simply too much of an administrative burden to manage the many Chapter 13 cases now pending unless this court "disallows" all late filed claims, be they secured or unsecured. But, as this Court pointed out at the hearing, if the Trustee sees administrative burdens in administering a proposed plan because there are debts being provided for in the plan for which there have been no proofs of claim filed, the time to complain is *before* the plan is confirmed. In this case the deadline for timely claims was November 2, 1992. The time to object to confirmation was not until November 30, 1992. Thus, the Trustee had 28 days to review the timely filed claims before any objection to the plan was due. Now the Trustee is in the position of having to continually monitor the file to see if and when any secured creditors may file tardy proofs of claim for debts that has been provided for in the Plan. This is because the Debtor in this Plan did not say that only *timely allowed* secured claims would be paid under Class 3 (which she could have done), but rather she said only that *allowed* secured claims where included in Class 3.

In conclusion, this Court agrees completely with the *Hausladen* case, *supra,* and disagrees with the conclusion of the *Johnson* case, *supra,* insofar as it holds that a secured creditor must have timely filed a proof of claim in order to have that claim allowed. GMAC having now filed a proof of claim for a secured claim that claim is allowed under 11 U.S.C. § 502(a) and can be disallowed only for those specific grounds set forth in 11 U.S.C. § 502(b). Because the Debtor's Plan does not distinguish between timely and untimely secured claims in Class 3, the present Joint Motion for Allowance of Late Filed Proof of Claim is moot and, therefore, will be denied. It is, therefore,

ORDERED that the Debtor's Motion to Modify Plan Post–Confirmation filed February 22, 1993, is denied. It is

FURTHER ORDERED that the within Joint Motion is denied as moot.