**In re Robert Joseph BABBIN, Debtor.**

**In re Harlowe Alte LINDGREN and Kathleen Mary Lindgren, Debtors.**

**In re Eden Anthony DUARTE and Paula Rene Duarte, Debtors.**

**In re Cynthia Kay MILLER, Debtor.**

**In re Meredith P. WARE, Debtor.**

**Bankruptcy Nos. 89 B 09367 E, 90 B 04639 E, 91–18733 CEM, 90–18791 CEM, 92–12502 CEM.**

United States Bankruptcy Court, D. Colorado.

June 14, 1993.

As Changed July 20, 1993.

1, 1987 to the present.

Sally J. Zeman, Standing Chapter 13 Trustee, Denver, CO, for Standing Chapter 13 Trustee in All Five Cases.

Loretta A. Burnett, Burnett & Associates, Colorado Springs, CO, for Robert J. Babbin.

Monty G. Hogue, Lowery & Lowery, P.C., Denver, CO, for GMAC.

James E. Martin, Jr., Burke & Castle, P.C., Denver, CO, for Bank One Denver, NA, Westminster Bank Center.

Loretta A. Burnett, Burnett & Associates, Colorado Springs, CO, for Cynthia Kay Miller.

Stuart D. Thomas, Colorado Springs, CO, for Ohio Cas. Ins. Co.

## OPINION AND ORDER ON MOTIONS TO DISALLOW LATE FILED PROOFS OF CLAIM AND RELATED MOTIONS

CHARLES E. MATHESON, Chief Judge.

This matter is before the Court on motions in five different cases, consolidated for the purpose of this opinion only. The motions filed are procedurally different but they all present for decision the question of whether a proof of claim which has not been filed within the time specified in Fed. R.B.P. 3002 may be allowed for the purpose of distribution in a Chapter 13 case. The essential facts of each case are not in dispute.

### I. PROCEDURAL POSTURE

In one case, *In re Robert Joseph Babbin,* Case No. 89 B 09367 E (*"In re Babbin"*), the Standing Chapter 13 Trustee ("Trustee") filed a Motion to Disallow Late Claim filed by the Debtor on behalf of a secured creditor, ITT Financial Services ("ITT"). The only basis for the Trustee's objection to the claim is that it was late filed and, therefore, she argues, should be disallowed. In response the Debtor's attorney argued that the Chapter 13 plan in the case expressly provided for the secured creditor and that the plan should be considered an informal proof of claim.

Two of the other cases, *In re Harlowe Alte Lindgren and Kathleen Mary Lindgren,* Case No. 90 B 04639 E (*"In re Lind-*

*gren ")* [1] and *In re Eden Anthony Duarte and Paula Rene Duarte,* Case No. 91–18733 CEM (*"In re Duarte"*), come to the Court on the motions of the secured creditors to have this Court treat the Debtors' plans as informal proofs of claim and permit each to file a "formal" proof of claim. The Trustee has objected in each case. She interposed the same objection in the *Lindgren* case as set forth below in the case of *In re Cynthia Kay Miller,* Case No. 90–18791 CEM (*"In re Miller"*). In the *Duarte* case, the Trustee objected on the basis that in order for a pleading, specifically the plan, to be treated as an informal proof of claim, it must be a demand made by the creditor. She argues that neither the plan nor the statements and schedules filed by the Debtors represent a demand by the creditor.

In the *In re Miller* case, the Debtor filed a Motion to Approve Late Filing of Formal Chapter 13 Proof of Claim. In that Motion the Debtor requested that this Court treat her Chapter 13 plan as an "informal" proof of claim for an unsecured creditor, Mt. Airy Psychiatric Hospital ("Mt. Airy"), and allow the filing of a "formal" proof of claim. The Debtor served notice of her motion pursuant to Local Rule 23 and the Chapter 13 Trustee objected. The basis of her objection was that "the provisions of Fed.R.B.P. 3002(c) and 9006(b)(3) govern the time for filing a proof of claim in a Chapter 13 case." Objection paragraph 1. Relying on the authority of *In re Smartt Construction Co.,* 138 B.R. 269 (D.Colo. 1992), the Trustee contends that the Rules do not permit an extension of time.

The last, case, *In re Meredith P. Ware,* No. 92–12502 CEM (*"In re Ware"*), also involves an unsecured creditor which late filed a proof of claim, albeit only by a couple of days. The Chapter 13 Trustee moved to disallow the claim as late filed and the creditor responded pleading excusable neglect.

In each case, the Fed.R.B.P. 3002(c) deadline for filing timely proofs of claim had passed and the various creditors had not filed proofs of claim. Thereafter, the Debtors did not file proofs of claim on behalf of the creditors within the window provided for in Fed.R.B.P. 3004. Also, none of the plans in the cases before the Court condition distribution under the confirmed plan on the timely filing of a proof of claim.

## II. FACTS

A. *In re Babbin.*

Date of Petition — July 11, 1989
§ 341 Meeting — August 29, 1989
Last Date to File
Proofs of Claim — November 27, 1989

On January 25, 1990, the Debtor filed a claim on behalf of ITT in the same amount as provided for in the Debtor's plan.

The Debtor's Amended Chapter 13 plan provided for ITT as follows:

Class Three—The allowed secured claims shall be dealt with as follows:

A. Creditors holding secured claims who accept this plan shall be paid the amounts set forth in Column A:

B. Creditors holding secured claims who reject the plan shall retain the liens securing such claims and then shall be paid the value of their collateral capitalized at 11% over the period required to pay the sum in full. The Debtor contends the value of the collateral securing such claims is as set forth in Column B.

| Creditor | A | B |
| --- | --- | --- |
| ITT | 460 | 400 |

---

**1.** GMAC, the secured creditor in this case, had originally filed a motion to treat the plan as an informal proof of claim and to allow amendment of it by the filing of a formal proof of claim. GMAC gave notice of its motion pursuant to Local Rule 23 and served the Chapter 13 trustee and the debtors. Neither the Debtor nor the Chapter 13 Trustee filed anything prior to the Court action date. The Debtors, however, filed their explicit consent to the entry of the order. Thereafter, on December 16, 1992 an order entered granting the relief requested. On December 23, 1992, the Chapter 13 Trustee filed her objection to the Debtors' response and consent relying on Fed.R.B.P. 3002 and 9006. The Court deemed her response a Motion to Reconsider and set the matter for hearing.

The Amended Motion to Confirm, as is the practice in this District, included a request for an order pursuant to 11 U.S.C. § 506(a) valuing secured claims which are to be paid through the plan. The Motion to Confirm at paragraph 2 moves as follows:

2. FOR AN ORDER PURSUANT TO 11 U.S.C. § 506(a) VALUING SECURED CLAIMS WHICH ARE TO BE PAID THROUGH THE PLAN.... Debtor alleges that the allowed secured and allowed unsecured claims of creditors holding collateral are:

| Name of Creditor | Collateral | Debt | Value |
| --- | --- | --- | --- |
| ITT | 6 piece furniture | $1400 | 400 |

The next paragraph of the motion reads:

3. FOR AN ORDER PURSUANT TO § 1325 VALUING PROPERTY TO BE DISTRIBUTED UNDER THE PLAN TO HOLDERS OF SECURED CLAIMS WHO DO NOT ACCEPT THE PLAN ...

CREDITORS SHALL TAKE NOTICE THAT IN THE ABSENCE OF A WRITTEN OBJECTION BY A CREDITOR, THE VALUATIONS ASSERTED ABOVE BY THE DEBTOR WILL BE ACCEPTED BY THE COURT AND SHALL BE USED IN THE COURT'S DETERMINATION OF THE AMOUNTS TO BE DISTRIBUTED TO HOLDERS OF SECURED CLAIMS WHO DO NOT ACCEPT THE PLAN....

Among those claims so provided for was that of ITT. In the Motion the Debtor set forth his contention of the amount of ITT's debt, $1,400, the value of the collateral securing it and the amount of ITT's "allowed secured claim"—$400, and a list of the items of collateral. ITT did not object to confirmation of the plan and on December 7, 1989, the Plan was confirmed.

**B. *In re Lindgren.***

Date of Petition — April 17, 1990
§ 341 Meeting — June 12, 1990
Last Date to File
Proofs of Claim — September 10, 1990

The Amended Chapter 13 Plan which was confirmed in this case provided for GMAC as follows:

3. Class Three—The allowed secured claims shall be dealt with as follows: ...

A. Creditors holding secured claims who accept this plan shall be paid the amounts set forth in Column A;

B. Creditors holding secured claims who reject the plan shall retain the liens securing such claims, and they shall be paid the value of their collateral capitalized at 17.95% over the period required to pay the sum in full. The Debtor[ ] contends the value of the collateral securing such claims is as set forth in Column B.

| | | A | B |
| --- | --- | --- | --- |
| GMAC | 84 VW Rabbit | $1,644.80 | $2,139.20 |

The Motion to Confirm did not seek an order valuing the collateral pursuant to 11 U.S.C. § 506(a) but did seek an order pursuant to section 1325(a)(5) valuing property to be distributed under the Plan to holders of secured claims who do not accept the plan. Debtors listed GMAC as one of the secured creditors who would be so treated and set forth the same amounts as set forth in the plan. The Motion included the following admonition:

CREDITORS SHALL TAKE NOTICE THAT IN THE ABSENCE OF A WRITTEN OBJECTION BY A CREDITOR, THE VALUATIONS ASSERTED ABOVE BY THE DEBTORS WILL BE ACCEPTED BY THE COURT AND SHALL BE USED IN THE COURT'S DETERMINATION OF THE AMOUNTS TO BE DISTRIBUTED TO HOLDER OF SECURED CLAIMS WHO DO NOT ACCEPT THE PLAN.

GMAC did not file an objection and an order confirming the amended plan was entered on July 30, 1990.

GMAC, on December 23, 1992,[2] filed a proof of claim which asserted a secured claim in the amount of $1,690.32, listed the value of the car as $1,725.00 and accepted the Debtors' plan. GMAC had, in its original motion, asked the Court to treat the Chapter 13 Plan as an informal proof of claim and to allow it to amend that claim.

C. *In re Duarte.*

Date of Petition — June 27, 1991
§ 341 Meeting — July 30, 1991
Last Date to File
Proofs of Claim — October 28, 1991

Bank One Denver N.A., Westminster Bank Center, f/k/a Affiliated National Bank Westminster ("Bank One"), seeks not only to have the Plan treated as an informal proof of claim, but also to file an amended proof of claim for an unspecified amount, to be filed within fifteen (15) days of an order granting its motion. Despite the fact that no Order has entered, on March 18, 1993, Bank One filed a proof of claim for $8,857.80.

The Chapter 13 Plan treated Bank One as a Class Three Creditor as follows:

3. Class Three—The allowed secured claims shall be dealt with as follows:
A. Creditors holding secured claims who accept this plan shall be paid the amounts set forth in Column A; value of collateral
B. Creditors holding secured claims who reject the plan shall retain the liens securing such claims, and they shall be paid the value of the collateral capitalized at 10.0% over the period required to pay the sum in full. The Debtor[ ] contend the value of the collateral securing such claims is as set forth in Column B. (value of column A capitalized over 36 mos.)

| Creditor | A | B |
| --- | --- | --- |
| First National Bank of Westminster | $7,000.00 | $8,131.33 |

---

The Motion to Confirm sought an order valuing the collateral of the Debtors' various secured creditors pursuant to 11 U.S.C. § 506(a), including, specifically, Bank One in the amount of $7,000. In that motion, via a provision which is identical to that quoted above in the *Babbin* case, the Debtors also asserted that the amount of the debt was $10,491. That motion was granted and the plan was confirmed.

D. *In re Miller.*

Date of Petition — December 11, 1990
§ 341 Meeting — February 4, 1991
Last Date to File
Proofs of Claim — May 5, 1991

Mt. Airy, an unsecured creditor, was provided for in the Plan as Class IV–A. The Plan which was ultimately confirmed reads as follows:

4. Class Four—Allowed unsecured claims not otherwise referred to in the Plan: Class Four claims are provided for and shall be paid as follows: ...

Class Four claims shall be divided into the following subclasses: Sears shall be paid monthly outside the plan. Class IV–A Mt. Airy Psychiatric Hospital shall be pd. the full amount of their claim $5583 + 10% Capitalization for a total of $6487. All other class IV claims shall share $327

2. *See supra* note 1. This claim was filed within ten days of the entry of the Court's Order which

is the subject of the Trustee's motion to reconsider.

pro rata plus any funds available after distribution to classes I, III & IV–A.

Neither the Debtor nor Mt. Airy timely filed a proof of claim. Instead, and after recognizing that a proof of claim had not been filed, Debtor moved to have the plan treated as an informal proof of claim and allow the late filing of a formal proof of claim for the amount provided for in the plan.

E. *In re Ware.*
Date of Petition — March 3, 1992
§ 341 Meeting — May 1, 1992
Last Date to File
Proofs of Claim — July 30, 1992

The claim held by Ohio Casualty Insurance Company ("Ohio"), an unsecured claim, was filed within days after the above date.

The Debtor's Amended Chapter 13 plan in this case, just as in the *Miller* case above, expressly provided for the claim of Ohio. The Debtor created two classes of unsecured creditors—Class 1: Ohio and Class 2: all other creditors. The Plan provided that Ohio would be paid $85.00 per month for a total of $3,060. No objections were filed to the amended plan and it was subsequently confirmed.

## III. ARGUMENTS OF THE PARTIES

The Chapter 13 Trustee argued, both in her objection and at the hearing, what has been the state of the law in this Court for some time. Courts, including this one, have rather consistently held that the Rules do not permit the court to extend the deadlines established by Fed.R.B.P. 3002. She argued that, based on the language of the Code and the various official forms, she must have a proof of claim timely filed in order for her to distribute on a claim. Fi-

nally, the Trustee relied on and cited as authority the cases of *In re Johnson*, 95 B.R. 197 (Bankr.D.Colo.1989) and *In re Wells*, 125 B.R. 297 (Bankr.D.Colo.1991) (this Court's decision requiring a secured creditor to file a proof of claim in order for it to be allowed).

Several of the creditors have argued the elements established by *In re Bowers*, 104 B.R. 362 (Bankr.D.Colo.1989). They urged the Court to treat each of the debtors' respective Chapter 13 plans as an informal proof of claim which was timely filed and to now allow the filing of a formal claim.[3]

When this Court set these matters down for hearing, the Court, in the notice of hearing, recommended the case of *In re Hausladen*, 146 B.R. 557 (Bankr.D.Minn. 1992) to counsel for their review and consideration in arguing their respective positions. In an *en banc* decision, the Bankruptcy Court for the District of Minnesota there held that late filing alone is not a basis for disallowance of a proof of claim. *Id.* at 559–560.

At the time of the hearing, the Trustee's opponents in several of the cases urged the adoption of the rationale of *Hausladen* and argued that a distinction must be drawn between allowance or disallowance of a claim and treatment in the plan. Specifically, they asserted that the timeliness of the filing of a proof of claim does not bear on whether it should be allowed or disallowed under 11 U.S.C. § 502; rather, it merely determines whether the claim is timely. In addition, with respect to the *Babbin* case, the Debtor's counsel advanced the argument that a secured creditor need not file a proof of claim in any event so that timeliness is not an issue. She argued that there

---

**3.** In the *Bowers* case Judge Patricia Ann Clark adopted the test established in *In re McCoy Management Services, Inc.*, 44 B.R. 215 (Bankr. W.D.Ky.1984). To determine if a document is tantamount to a proof of claim:
  1. the proof of claim must be in writing;
  2. the writing must contain a demand by the creditor on the debtor's estate;
  3. the writing must express an intent to hold the debtor liable for the debt;
  4. the proof of claim must be filed with the Bankruptcy Court; and

  5. based on the facts of the case, it would be equitable to allow the amendment.
*In re Bowers*, 104 B.R. 362, 363 (Bankr.D.Colo. 1989), citing *In re McCoy Management Services, Inc.*, 44 B.R. at 217. More recently, the Tenth Circuit had occasion to apply the *Bowers* factors in *In re Reliance Equities, Inc.*, 966 F.2d 1338, 1345 (10th Cir.1992), a Chapter 7 case. The Circuit merely applied these factors without analyzing the concept or any of the particular elements.

is no requirement in the Code or the Rules explicitly requiring a secured creditor to file a proof of claim and that the Chapter 13 plan, at least in this case, sets forth sufficient information to permit the Chapter 13 Trustee to administer the case. The secured creditors' counsel also urged this Court to reconsider and retract its decision in *In re Wells*, 125 B.R. 297 (Bankr.D.Colo. 1991).

## IV. ISSUES

These various motions, the contentions of the parties and the *Hausladen* case present several issues which are both intriguing and intricate. These issues highlight the tension between various provisions of the Code applicable to Chapter 13 cases. These problems are as interesting intellectually as they are practically problematic for all involved—the debtors, the creditors and the trustee. The following are the issues which are presented:

1. Whether late filing of a proof of claim is in and of itself a basis for disallowance of a claim under 11 U.S.C. § 502;

2. Whether the Code or the Rules mandates that a secured creditor file a proof of claim;

3. Whether allowance of a claim is achieved only through the filing of a proof of claim; or put another way, does 11 U.S.C. § 502 compel the conclusion that a proof of claim must be filed in order to have a claim allowed;

4. Whether the Chapter 13 Trustee is bound to distribute in accordance with the confirmed plan which specifically provides for the secured claim of a creditor and that claim was the subject of and determined as part of a motion to confirm even though that creditor has not filed a timely proof of claim or has not filed one at all;

5. Whether a Chapter 13 plan which specifically provides for a creditor, whether secured or unsecured, may be treated as an informal proof of claim; and

6. Whether excusable neglect is a basis for deeming the late filed claim of an unsecured creditor in a Chapter 13 case as a timely filed claim.

## V. ANALYSIS

A. *Is Tardiness, In and Of Itself, a Basis for Disallowance of a Late Filed Claim under 11 U.S.C. § 502?*

■ The *Babbin* and *Ware* cases present squarely this question. The Trustee moved to disallow the claims of ITT and Ohio solely because each was late filed.

Various provisions of the Code and Rules speak of "allowed" claims or of those which are "not allowed" or "disallowed." The Code fails to specifically define the term "allowance" or exactly what must be done to achieve allowance under all circumstances. Code section 502 is captioned "Allowance of claims or interests." It reads, in pertinent part, as follows:

(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects.

Subsection (b) of section 502 specifies the grounds for disallowance of a filed claim. That section provides:

(b) ... [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

. . . .

The section continues listing various reasons for disallowance. Lateness is not among the reasons so listed, unlike its predecessor under the Bankruptcy Act, § 57(n). *Accord In re Hausladen*, 146 B.R. at 559.

The Trustee and many courts, including this one, have been guided previously by Fed.R.B.P. 3002 and 9006(b) to disallow tardy claims solely on the basis of lateness. Rule 3002 states that in a Chapter 7, Chapter 12 and Chapter 13 case, "a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341 of the Code...."

Rule 9006 prohibits the court from extending that deadline except as provided in Rule 3002(c) and those exceptions are very limited and do not apply to the facts of any of the cases before the Court.

This Court has since been persuaded by the *en banc* decision of the Bankruptcy Court of the District of Minnesota in *Hausladen* to reexamine and revisit the issue. Having done so, this Court concurs with and adopts the reasoning of the *Hausladen* court. Other bankruptcy courts have been similarly persuaded. *See In re Judkins,* 151 B.R. 553 (Bankr.D.Colo.1993) (Chapter 13); *In re Deborra Ann Brones,* No. 31, 90–19489 PAC (Bankr.D.Colo. Mar. 18, 1993) (Chapter 13); *In re Rago,* 149 B.R. 882, 885 (Bankr.N.D.Ill.1992) (Chapter 7); *In re Corporacion De Servicios Medico,* 149 B.R. 746 (Bankr.D.Puerto Rico 1993) (Chapter 7). These courts have all reached the conclusion that Rule 3002, which appears to create a bar to the allowance of a late filed proof of claim, cannot be construed to take precedence over the explicit language of the Code, specifically sections 502 and 726. *In re Hausladen,* 146 B.R. at 560; *In re Rago,* 149 B.R. at 885; *In re Corporacion De Servicios Medico,* 149 B.R. at 749–750. Section 726 sets forth the scheme for distribution in Chapter 7 cases. Lower on the list, but nevertheless on the list, are provisions for distribution in payment of unsecured claims which are "tardily filed under section 501(a) of this title." 11 U.S.C. §§ 726(a)(2)(C) and (a)(3). Although section 726 is only applicable to Chapter 7 cases, its reference to "tardily" filed claims compels an interpretation of Rule 3002, which is applicable to both Chapter 7 and 13, that it does not create an absolute bar to allowance. Rather, the Rule serves to set the date from which a claim is determined to be timely or tardy.[4] Thus, in the *Babbin* and *Ware* cases, the Motions of the Trustee to disallow the late filed claim must be DENIED.

### B. *Is a Secured Creditor Mandated by the Code or the Rules to File a Proof of Claim?*

■ In the *Babbin* and *Duarte* cases, the secured claims of the creditors have been expressly provided for in the respective plans and the Debtors included a motion under section 506(a) to value the secured claims of the creditors. The secured creditors neither objected to their treatment under the plan nor timely filed a proof of claim.

The specific provisions of the Code which speak to filing and allowance of proofs of claim are 11 U.S.C. §§ 501 and 502, which were recited above. The pertinent portion of section 501 is permissive and merely states that "a creditor or an indenture trustee may file a proof of claim." *Accord Agricredit Corporation v. Harrison (In re Harrison* ), 987 F.2d 677 (10th Cir.1993);[5] *In re Thomas,* 883 F.2d 991, 996 (11th Cir.1989), citing *In re Simmons,* 765 F.2d 547, 551 (5th Cir.1985). The legislative history of section 501 supports this reading. The House and Senate Reports for the Bankruptcy Reform Act of 1978 reads:

> This subsection is permissive only, and does not require filing of a proof of claim by any creditor. It permits filing where some purpose would be served, such as where a claim that appears on a list filed under 11 U.S.C. §§ 924 or 1111 was in-

---

**4.** Legislative history pertaining to the 1978 amendments to the Code lends support to this conclusion. The House and Senate Report accompanying section 501 speaks first to the permissive nature of section 501 and then to the role of the Rules. "The Rules of Bankruptcy Procedure will set the time limits, the form, and the procedure for filing, which will determine whether claims are timely or tardily filed." Norton Bankruptcy Code Pamphlet 1992–1993 Ed. p. 331, citing H.R.Rep. No. 595, 95th Cong., 1st Sess. 351 (1977) and S.Rep. No. 989, 95th Cong., 2d Sess. 61 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

**5.** The Tenth Circuit in *In re Harrison* was addressing a Chapter 12 plan. While that is a distinction worthy of note, it does not diminish the value of this opinion as precedent in a Chapter 13 case. It is clear that Chapter 12, which came into being in 1986, is modeled after Chapter 13. The majority of its provisions, including the provisions governing confirmation and what a plan may or must contain, are almost identical to Chapter 13.

correctly stated or listed as disputed, contingent, or unliquidated, where a creditor with a lien is undersecured and asserts a claim for the balance of the debt owed him (his unsecured claim, as determined under proposed 11 U.S.C. § 506(a)), or in a liquidation case where there will be a distribution of assets to the holder of allowed claims. In other instances, such as ... in situations where a secured creditor does not assert any claim against the estate and a determination of his claim is not requested under proposed 11 U.S.C. § 506(d) ... filing of a proof of claim may simply not be necessary. Norton Bankruptcy Code Pamphlet 1992–1993 Ed. pg. 331, citing H.R.Rep. No. 595, 95th Cong., 1st Sess. 351 (1977) and S.Rep. No. 989, 95th Cong., 2d Sess. 61 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5847, 6307.

The Federal Rules of Bankruptcy Procedure also guide this analysis. Rule 3002, captioned "Filing of Proof of Claim or Interest," governs the "necessity for filing." The Rule states in subparagraph (a): "an unsecured creditor or an equity security holder must file a proof of claim or interest to be allowed" except as provided in the Rules governing Chapters 9 and 11 and when the claim can be filed by a debtor or trustee or a guarantor, surety or codebtor. Nowhere in the Rules is there a mandate that a secured creditor file a proof of claim. The Advisory Committee Note (1983) to Rule 3002 sheds more light on this analysis. It states:

> Subdivision (a) of this rule is substantially a restatement of the general requirement that claims be proved and filed. The exceptions refer to Rule 3003 providing for the filing of claims in Chapters 9 and 11 cases, and to Rules 3004 and 3005 authorizing claims to be filed by the debtor or trustee and the filing of a claim by a contingent creditor of the debtor. A secured claim need not be filed or allowed under § 502 or § 506(d) unless a party in interest has requested a determi-

nation and allowance or disallowance under § 502. Norton Bankruptcy Rules Pamphlet 1992–1993 Ed., pg. 194.

In a recent opinion, Judge Roland J. Brumbaugh broached this topic without deciding whether a secured creditor is required to file a proof of claim at all. *In re Judkins*, 151 B.R. 553 (Bankr.D.Colo.1993). He held that there was no requirement that a secured creditor file a *timely* claim in order that it be allowed. *Id.* at 556. Based on the facts before it and the arguments posed by the parties, this Court will take that next step. Neither the Code nor the Rules require a secured creditor to file a proof of claim, timely or untimely.[6]

C. *Is Allowance Achieved Only through the Filing of a Proof of Claim; or Does the Language of 11 U.S.C. § 502 Dictate That A Proof of Claim Be Filed As A Prerequisite to Allowance?*

■ The Trustee has argued that the only claims on which she may distribute under a plan are those which have been allowed; a proof of claim is required to achieve allowance under section 502; and then, inferentially, that a proof of claim must be filed. The logic of this argument, however, is flawed.

Like the Trustee, some courts have read the language of section 502 to mandate that a secured creditor file a proof of claim as a prerequisite to having it allowed. *See, e.g., In re Johnson*, 95 B.R. 197 (Bankr. D.Colo.1989); *In re Linkous*, 141 B.R. 890, 895 (W.D.Va.1992), *aff'd., In re Linkous*, 990 F.2d 160 (4th Cir.1993); *In re Alderman*, 150 B.R. 246 (1993); *In re Dennis and Kathleen Edwards*, Case No. 91–10017 DEC (Bankr.D.Colo. April 30, 1993). Even *Collier on Bankruptcy*, which is an authority of considerable repute, states conclusively that "under the Code, to be allowable a claim or interest must be evidenced by proof of such claim or interest filed in accordance with section 501." *3 Collier on Bankruptcy*, 15th Ed., pp. 502–

---

**6.** This conclusion does not speak to whether a secured creditor who is undersecured must file a proof of claim for its unsecured claim as

defined in 11 U.S.C. § 506. *But see In re Harrison*, 987 F.2d 677 (10th Cir.1993); *In re Padget*, 119 B.R. 793 (Bankr.D.Colo.1990).

9. However, a careful reading of section 502 leads to a different conclusion. Section 502(a) reads: "A claim or interest, proof of which is filed under section 501 ..., is deemed allowed, unless a party in interest ... objects." The section merely says that **once a proof of claim is filed** under section 501, a permissive section, it is deemed allowed unless objected to. It does not say that in order to have a claim allowed a proof of claim must be filed.

■ This Court's reading of section 502 is bolstered by the fact that section 502 applies in Chapter 11 and Chapter 9 cases wherein claims, whether secured or unsecured, may be "allowed" based solely on the debtor's listing of the creditor in the statements and schedules. 11 U.S.C. § 1111(a) [7] and Fed.R.B.P. 3003(b)(1).[8] Collectively, these sections do not mandate a reading of section 502 that the filing of a proof of claim is a necessary prerequisite for allowance of a claim. Rather, it permits an interpretation that allowance may be achieved by other than the filing of a proof of claim. With respect to a secured creditor as to its secured claim which is explicitly provided for in a plan, that may also be achieved by the filing of a motion under section 506 [9] in conjunction with or as part of a motion to confirm, *see, e.g., In re Harrison*, 987 F.2d at 681–682, where the creditor has ample notice of the debtor's contention of the value of the collateral and an adequate opportunity and a forum to object. *Accord Piedmont Trust Bank v. Linkous (In re Linkous)*, 990 F.2d 160 (4th Cir.1993).

The Trustee also relies on Rule 3021 to argue that she can only distribute on claims which have been allowed and filing a proof of claim is the threshold requirement. That Rule requires that "after confirmation of a plan, distribution shall be made to creditors whose claims have been allowed...." There is some question whether this Rule was ever intended to apply in Chapter 13 cases, but notwithstanding that and accepting that it does apply, her reliance further supports the Court's interpretation of the law. The Rule is undoubtedly applicable to Chapter 11 cases and this Court has just observed that in Chapter 11 cases certain creditors claims may be allowed without filing a proof of claim. More importantly, the Trustee's position presumes that section 502 requires the filing of a proof of claim to achieve "allowance" of the claim. Therein lies the flaw. Once that initial and critical premise is rejected, as this Court has done, the other provisions of the Code which are based on "allowance" can no longer be invoked as support for her argument.

Courts from other jurisdictions have confronted this tension that appears to exist between the import of a proof of claim and a confirmed plan and reached different results.[10] For example, the Fifth Circuit recently held that a confirmed Chapter 13

7. The Code, at section 1111(a), provides:

A proof of claim ... is deemed filed under section 501 ... for any claim ... that appears in the schedules filed ... except a claim that is scheduled as disputed, contingent, or unliquidated.

8. The Rule provides:

The schedule of liabilities filed pursuant to § 521(1) of the Code shall constitute prima facie evidence of the validity and amount of the claims of creditors, unless they are scheduled as disputed, contingent, or unliquidated. It shall not be necessary for a creditor or equity security holder to file a proof of claim ...

9. 11 U.S.C. § 506 "Determination of secured status." reads:

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an

interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

10. *In the Matter of Howard*, 972 F.2d 639 (5th Cir.1992); *In re Hobdy*, 130 B.R. 318 (9th Cir. B.A.P.1991); *In re Simmons*, 765 F.2d 547 (5th Cir.1985); *see also In re Thomas*, 883 F.2d 991 (11th Cir.1989) (Despite language in the plan providing for the holder of each "filed and allowed secured claim" to retain its lien and the secured creditor's failure to file a claim and to object to confirmation, the 11th Circuit held that the lien of the secured creditor remained

plan did not bar a secured creditor, who had timely filed a proof of claim but did not object to confirmation of the plan, from enforcing its lien because the debtor had not objected to the timely proof of claim. *In the Matter of Howard,* 972 F.2d 639, 642 (5th Cir.1992). The secured creditor urged the court to permit a challenge to the Chapter 13 plan post-confirmation. The Fifth Circuit declined to do so and stated:

> Such a holding would ... step too hard on the debtors' interest in finality after the confirmation of a Chapter 13 plan. We hold only that a debtor who wishes to challenge the amount of a secured claim either by asserting a counterclaim or offset against it or by disputing the amount or validity of the lien must file an objection to the creditors' claim in order to put the creditor on notice that it must participate in the bankruptcy proceedings. A Chapter 13 plan may by its very nature change the terms of payment and otherwise modify the terms of the debt underlying the lien. Creditors are put on notice of the possibility of these types of modifications by notice of the filing of a Chapter 13 proceeding and must object to the confirmation of a plan in order to prevent their effect. These plan provisions will be final as to all creditors in those respects because they do not conflict with other provisions of the bankruptcy code. *Id., citing In the Matter of Pence,* 905 F.2d 1107 (7th Cir.1990).

Although the Fifth Circuit noted the significance and finality of the confirmation order, it mandated the filing of a separate objection to the secured creditor's proof of claim if the plan purports to pay an amount different from that stated in the claim. What is conspicuously distinguishable, from what this Court is able to glean from the facts, is that the motion to confirm and notice procedures employed by the debtor in *Howard* and others[11] are distinctly different from the motion and procedure used by the Debtors in the *Babbin* and *Duarte* cases.

■ In the *Babbin* and *Duarte* cases, as noted in the recitation of the facts earlier in this opinion, each plan explicitly provided for the secured creditor's secured claim in a certain manner. Each motion to confirm clearly specified the Debtors' contention of value and sought a determination of the value of the collateral securing the creditor's claim and, hence, the amount of the allowed secured and unsecured claim of that creditor. Neither of the secured creditors objected and neither has called into question the propriety of the notice. Further, each motion to confirm explicitly advised the creditor that if no objection was filed, the creditor would receive the amount specified in the plan, and there was no stated requirement for the filing or allowance of a proof of claim. Under these circumstances, there can be no plausible reason to require the secured creditor to file a proof of its secured claim.

D. *Is the Chapter 13 Trustee bound to distribute in accordance with the confirmed plan which specifically provides for the secured claim of a creditor when that claim was the subject of and determined as part of a motion to confirm even though that creditor has not filed a timely proof of claim or has not filed one at all?*

The Chapter 13 Trustee has argued she cannot distribute to creditors without a

unaffected by the confirmation of the plan.); *In re Alderman,* 150 B.R. 246 (Bankr.D.Mont.1993) (A secured creditor must file a proof of claim for it to be allowed and confirmation denied because the plan provided for secured creditors who had not filed proofs of claim); *cf. In re Calvert,* 907 F.2d 1069 (11th Cir.1990) wherein the 11th Circuit drew an elusive distinction. It seemed to recognize that notwithstanding the timely filing of a proof of claim for a greater amount, to which the Debtor did not object, if notice is provided to the secured creditor of a section 506 hearing to be held at confirmation, that hearing may be held with confirmation and the value of collateral determined. In a footnote, however, the Court equivocated and noted that because "we agree with the district court that the bankruptcy court acted under the aegis of § 506 rather than § 502 when it valued the [collateral]" it would not consider "in any detail the procedural requirements of § 502." *Id.* at 1071, n. 1.

11. *See, e.g., In re Thomas,* 883 F.2d 991 (11th Cir.1989); *In re Alderman,* 150 B.R. 246 (Bankr. D.Mont.1993).

proof of claim. While that may be true as to unsecured creditors who share pro rata with others who are unnamed in the plan, it is not necessarily true as to secured creditors generally and is not true as to the secured creditors in the cases before the Court who are specifically provided for in the plan.

■■■ The significant provisions of the Code, for the purpose of this analysis, are 11 U.S.C. §§ 1326(c) and 1327(a). Section 1326(c) of the Code directs the trustee to "make payments to creditors under the plan." It does not say "in accordance with the proof of claim," but according to "the plan." Section 1327 of the Code, captioned "Effect of confirmation," specifies:

> The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

The import of these two provisions, whether read alone or in conjunction, is that the confirmed plan controls the Trustee's distribution and fixes the rights of creditors in accordance with its terms. *Accord In the Matter of Pence,* 905 F.2d 1107, 1109 (7th Cir.1990); *In re Dennis and Kathleen Edwards,* Case No. 91–10017 DEC (Bankr. D.Colo. Apr. 30, 1993). It is the new contract between the debtor and his creditors and its provisions govern their future legal relationship. The order of confirmation is a final order binding on the parties. Thus in the *Duarte* case, because the secured creditor's rights have been fixed, the Trustee must distribute in accordance with the confirmed plan notwithstanding the lack of a timely filed proof of claim. Accordingly, Bank One's motion to treat the Debtors'

plan in the *Duarte* case as an informal proof of claim is DENIED as moot.

The Trustee in her argument expressed concern for her duties if the Court follows *Hausladen* as it has done. Her concern takes shape in the instance of the *Duarte* case where the claim filed by Bank One has not been objected to and it asserts a claim for an amount greater than that provided for in the plan. This Court has already said that a secured creditor need not file a proof of claim in the first instance and that untimeliness is not a basis for allowance or disallowance of a proof of claim. But where the secured creditor elects to file a claim, albeit late, is there a conflict between sections 502, which deems a claim allowed unless objected to, and 1326(c) and 1327(a)? This Court thinks not.

■■■ It is critical to distinguish between **allowance** of a tardily filed claim and its classification or treatment in the plan. *In re Terry Burton Nelson,* No. 21, Case No. 88 B 7028 E (Bankr.D.Colo. August 28, 1992); *In re Hausladen,* 146 B.R. at 560–561; *see also In re Justice Oaks II, Ltd.,* 898 F.2d 1544, 1553 (11th Cir.1990). The *Hausladen* court has opined that the rights of a tardily filed claimholder are controlled by the terms of the Chapter 13 plan wherein there may be a provision for distribution only to timely filed claims, a provision which parallels the distribution scheme of 11 U.S.C. § 727 or no distinction drawn at all. *In re Hausladen,* 146 B.R. at 560. This Court concurs.

The Court finds further support for the ultimate conclusion that the sections are not in conflict within the language of section 1325(a)(5). Section 1325 of the Code generally sets forth the requisite elements for confirmation of a Chapter 13 plan. Section 1325(a)(5) [12] refers to the **"allowed se-**

---

12. The pertinent provision of that section is as follows:

[t]he court shall confirm a plan if—
   (5) with respect to each *allowed secured claim provided for by the plan*—
      (A) the holder of such claim has accepted the plan;
      (B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

      (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or
      (C) the debtor surrenders the property securing such claim to such holder ... 11 U.S.C. § 1325(a)(5) (Emphasis added.)

cured claim provided for by the plan" and the "allowed amount of such claim." To the extent that the claim of a secured creditor may be determined and allowed as part of the confirmation process in a certain amount as **provided for by the plan**, the element of section 1325(a)(5) has been satisfied. Even if a claim is subsequently late filed and deemed allowed as such because it is not objected to, it does not become the secured claim **provided for by the plan**. The allowed secured claim of Bank One provided for by the plan is that which has been determined and allowed pursuant to section 506(a)—a claim in the amount of $7,000.00—and it is upon that claim that the Chapter 13 Trustee must make distributions.

What must also be considered are the rights of Bank One as to its unsecured claim which is also determined pursuant to the section 506 motion. This Court, in granting the Debtors' motion to confirm and confirming the plan, found that the total debt of Bank One was $10,491 and the value of the collateral was $7,000, resulting in an allowed unsecured claim in the amount of $3,491.[13] The holders of allowed unsecured claims were to share pro rata the fixed sum of $300. To the extent that Bank One now asserts a secured claim for $8,857.80, which is secured only to the extent of $7,000.00, the difference is only $1,857.80.

It must be highlighted that this Court's holding adopting *Hausladen* is limited to an objection based solely on the grounds that a claim is late filed. It does not prevent objections to late filed claims for other reasons. There is certainly ample authority to object on the grounds of claim preclusion. *In re Justice Oaks II, Ltd.*, 898 F.2d at 1551–1552; *In re Linkous*, 990 F.2d at 162. Regardless, if the Chapter 13 plan does as the *Duarte* plan has done and specifically provides for the secured creditor, and a motion for determination of the amount of the secured claim has been made in the motion to confirm or otherwise, THE TRUSTEE SHALL MAKE PAYMENT TO CREDITORS UNDER THE PLAN and THE CONFIRMED PLAN BINDS THE DEBTOR AND EACH CREDITOR.

This reading of these sections does not ignore or diminish the meaning and consequence of section 502. Rather, in the context of the facts of these cases before the Court, it harmonizes the various Code sections and places the focus where it properly belongs—on the significance and finality of the confirmation process, sections 1326 and 1327, and on the section 506 secured claim determination provisions. The provisions of the plan must govern.

E. *Is It Appropriate To Treat the Debtor's Chapter 13 Plan as an Informal Proof of Claim and Allow a Creditor to Amend That Claim With the Filing of a Formal Proof of Claim?*

In *In re Lindgren*, unlike *In re Babbin* and *In re Duarte*, the Debtors did not seek

---

**13.** Having made that determination pursuant to section 506 at the time of confirmation, the conclusion reached by the Tenth Circuit in *In re Harrison*, 987 F.2d 677 that the creditor must file an amended or supplemental proof of claim or a § 506 motion in order to preserve its rights as to its unsecured claim does not bear on this opinion directly. In *In re Harrison*, the Tenth Circuit addressed the viability of an undersecured creditor's challenge to an order of confirmation in a Chapter 12 case. The creditor had lodged an objection to the plan and sought to appeal the order of confirmation, not because of the treatment in the plan of its secured claim, but of its unsecured claim.

The creditor there had timely filed a proof of claim indicating it had a secured claim in the amount of approximately $34,000. The debtors did not object to the claim and the Tenth Circuit observed that it was deemed allowed and that the bankruptcy court had properly treated it as a secured claim. The debtors' plan listed the claim of the creditor and the market value of the collateral, which they had surrendered, in the same amount as the creditor's proof of claim. Thus, the claim of the secured creditor had been satisfied and it had no further claim against the estate.

The Tenth Circuit ultimately affirmed the decision of the district court which estopped the secured creditor from challenging the plan because it had neither amended its proof of claim nor made a motion to value pursuant to section 506 and Fed.R.B.P. 3012. In this case, because the *debtors* filed the motion to value as part of the motion to confirm, there is no need for the creditor to file an amended proof of claim to preserve its unsecured claim. This, however, is not the issue before the court in any event.

a section 506(a) determination of GMAC's claim. GMAC filed its motion both to treat the Debtors' Chapter 13 plan as an informal proof of claim and to amend that informal proof of claim to state a claim for an amount greater than what was provided for in the plan. In addition, the unsecured creditors in both the *Miller* and *Ware* cases have argued that the plans in their respective cases meet the elements of an informal proof of claim. Hence, an examination of this concept is both appropriate and necessary.

■ The informal proof of claim "doctrine," for lack of better characterization, has no foundation in the Code or the Rules. The doctrine has its genesis in the courts,[14] undoubtedly to avoid the harsh consequences of the Rules. The concept permits a court to treat some pleading in its file, generally a pleading filed by the creditor, as an "informal" proof of claim which is timely filed and thereafter file a "formal" proof of claim which relates back to the date of the pleading originally filed.[15]

The concept is generally recognized by courts,[16] including the Tenth Circuit,[17] but as with most such judge made rules, there are variations on the theme and differences of opinion as to its application. The elements established by *In re McCoy Management Services*[18] are generally accepted, but it is the interpretation of the various elements which occasions varying results.

In this District, it is the element of whether the "demand" must be filed by the creditor about which the courts differ. It is and has been the view of this Court, as expressed in multiple unpublished opinions deciding motions filed by secured creditors or debtors, that that element may be liberally construed permitting an interpretation which allows the debtor's plan to be treated as an informal proof of claim. Another court from this District has more strictly interpreted that element and held

that the pleading must be filed by the creditor. *See, e.g., In re Deborra Ann Brones*, No. 28, Case No. 90–19489 PAC (Bankr.D.Colo. Feb. 23, 1993). The *Brones* case specifically held that a debtor's Chapter 13 plan may not be treated as an informal proof of claim because it did not constitute a "demand" by the creditor.

This Court does not view this element as narrowly, in part, because of the underlying equitable nature of the doctrine in the first instance. This Court's view is also influenced by the facts that most plans in this District deal with the claims of secured creditors explicitly and the motions to confirm include a section 506 motion. Once the debtor has admitted in the plan and verified under penalty of perjury in the motion to confirm his or her contention of value and the amount of the secured claim, that should be sufficient to constitute a "demand" on the **estate** to pay the amount specifically provided for unless the creditor elects to object. That much is certainly consistent with the spirit of the doctrine and with the filing of true proofs of claim. Rule 3001 defines a proof of claim as a "written statement setting forth a creditor's claim" and section 501 expressly permits the debtor to file a claim on a creditor's behalf. *Accord In re McCoy Management Services, Inc.*, 44 B.R. at 217.

■ In *Lindgren*, the Debtor clearly provided for GMAC in its plan and gave notice of its treatment via the motion to confirm and the plan. Accordingly, this Court holds that the Debtors' Chapter 13 plan in the *Lindgren* case may be treated as an informal proof of claim. However, for the same reasons that this Court determined the plan may be treated as an informal proof of claim, this Court determines that it would be inequitable to allow the amendment of that informal claim. *See In re Edwards, supra.* GMAC had adequate

---

**14.** *Accord In re McCoy Management Services, Inc.*, 44 B.R. 215, 217 (Bankr.W.D.Ky.1984).

**15.** *See* case cited *supra* note 14.

**16.** *See, e.g., In re McCoy Management Services, Inc., supra; In re Smith*, 100 B.R. 289 (Bankr.

D.S.C.1988); *In re Bowers*, 104 B.R. 362 (Bankr. D.Colo.1989).

**17.** *See supra* note 3.

**18.** *See supra* note 3.

notice and opportunity to object to its treatment under the plan and did not do so. Thus, GMAC's motion to amend is DENIED.

■ In the *Miller* case, the Debtor asks this Court to treat the Debtor's Chapter 13 plan as the informal proof of claim of an unsecured creditor. Up to this point in the Opinion, the Court has directed its comments and conclusions primarily to the secured claims of certain creditors. The *Miller* case prompts the question of whether a Chapter 13 plan could be treated as an informal proof of claim of an unsecured creditor.

The plan in the *Miller* case is atypical. The typical Chapter 13 plan provides for unsecured creditors as a class and that class of claimants shares pro rata in any distribution to the class. The *Miller* plan, however, specifically provided for the claim of the creditor, Mt. Airy, to be paid as an unsecured creditor in a specific amount. Further, the plan does not condition payment on Mt. Airy's timely filing of a proof of claim.

The cases [19] which have analyzed the informal proof of claim doctrine have not distinguished, nor is there any particular reason to distinguish, between secured and unsecured creditors as a threshold to applying it. Rather it is the elements as adopted in *In re Bowers,* 104 B.R. 362 (Bankr. D.Colo.1989) [20] which must be addressed, first to determine whether the document in question is tantamount to a proof of claim and then whether it is equitable to allow its amendment. The Debtor's motion in *Miller* sets forth the essential elements including that no other party will be prejudiced by the grant of the motion. The Debtor's plan provided that other unsecured creditors would share pro rata the sum certain of $327.00 "plus any funds available for distribution after payment to Class I claims," the priority claimants. In addi-

tion, the motion seeks only to file a formal proof of claim for the same amount and not to amend it for a different or greater amount.

The Chapter 13 Trustee's only objection to the Debtor's motion in *Miller* was based on Rules 3002 and 9006 and the District Court opinion in *In re Smartt Construction Co.,* 138 B.R. 269 (D.Colo.1992). She argued at the time of the hearing, however, that even if the Court were to find that a secured creditor need not file a proof of claim, the language in the Rules and the notices issued by the Court are specific as to unsecured creditors. Having recognized that a Debtor's Chapter 13 plan may constitute an informal proof of claim under certain circumstances, and finding that those circumstances are present in this case, it is unnecessary to broach the issues raised by the trustee's oral argument. Accordingly, the Court grants the Debtor's Motion in the *Miller* case, finding that the Debtor's Chapter 13 plan may be treated as an informal proof of claim and authorizing the Debtor to file a formal proof of claim on behalf of Mt. Airy.

### F. May The Court Deem a Tardily Filed Proof of Claim Timely on the Basis of Excusable Neglect?

■ In the *Ware* case, the creditor responded to the Chapter 13 Trustee's Motion to Disallow arguing excusable neglect. Although the Court has denied the Trustee's Motion based on the *Hausladen* decision, it is appropriate in any event to address the "excusable neglect" argument propounded by the creditor, Ohio. The Rules are clear. Fed.R.B.P. 3002 and 9006, when read together, prohibit the Court from extending the "deadlines" set forth in Rule 3002 on the basis of excusable neglect. *In re Smartt Construction Co.,* 138 B.R. 269 (D.Colo.1992).[21] Hence, there is no basis to

**19.** *In re Reliance Equities, Inc.,* 966 F.2d 1338, 1345 (10th Cir.1992); *In re McCoy Management Services, Inc.,* 44 B.R. 215 (Bankr.W.D.Ky.1984); *In re Smith,* 100 B.R. 289 (Bankr.D.S.C.1988).

**20.** *See supra* note 3.

**21.** This court's findings and conclusions are not inconsistent with nor do they contravene the holding of Judge Kane in the *Smartt* case. This Court may not and still holds that it cannot extend the deadlines for filing proofs of claim as timely. The bar established by Rules 3002 and 9006, to the extent it is that, controls only

deem the proof of claim as timely filed on the grounds of excusable neglect.

## VI. CONCLUSIONS

Based on the foregoing findings and conclusions of law, the Court ORDERS the following:

*In re Babbin,* Case No. 89 B 09367 E—The Trustee's Motion to Disallow the Proof of Claim of ITT is DENIED;

*In re Lindgren,* Case No. 90 B 04639 E—The Trustee's response which this Court treated as a Motion to Reconsider is GRANTED; the motion of GMAC to treat the Chapter 13 plan as an informal proof of claim IS GRANTED, but GMAC's motion to file an amended formal proof of claim is DENIED; and the Court's Order of December 16, 1992, is VACATED;

*In re Duarte,* Case No. 91–18733 CEM—The Motion of Bank One to treat the Chapter 13 plan as an informal proof of claim IS DENIED as moot based on the findings and conclusions above;

*In re Miller,* Case No. 90–18791 CEM—The Motion of the Debtor to treat the Chapter 13 plan as an informal proof of claim and file a formal proof of claim is GRANTED; and

*In re Ware,* Case No. 92–12502 CEM—The Motion of the Chapter 13 Trustee to disallow the claim of Ohio as late filed is DENIED and the excusable neglect argument of Ohio is REJECTED.

whether the claim is timely or tardy. The question of the treatment of the claim which is tardily filed is another question which the *Hausladen* court suggests is answered by looking to the Chapter 13 plan. *In re Judkins,* 151 B.R. 553 (Bankr.D.Colo.1993). That, however, is not the issue before the court at this juncture.